THOMAS CURRY et al., Appellants, vs. JOHN YORK et al., Appellees — Appeal from Burleson County.

No evidence which may be sent up in the record can be noticed, unless *certified* or *agreed* to contain the facts of the case.

Every presumption must be indulged in favor of a judgment.

Where there is no statement of facts, we must presume, in support of the judgment, everything to have been proved which was susceptible of legal proof under the pleadings.

The appellees, John York and the heirs of Walter Sutherland, brought suit against the appellants to recover a league of land originally granted to one Thomas S. Haynes.

The plaintiffs alleged that they were the "lawful and just owners" of a certain league of land granted by the Mexican government to one Thomas S. Haynes, as a colonist of Austin's colony, in the year 1824, and conveyed to him, said John York and Walter Sutherland, in the lifetime of him, said Walter," describing the land by metes and bounds, and alleging that the defendants have wrongfully possessed themselves of the land, etc. At the fall term, 1845, the defendant, William C. Sparks, answered, setting up title in himself derived from the

Mexican government, and pleading the statute of limitations. At the same term, the defendants, Thomas Curry and others, also answered, alleging that they settled upon the premises in question in good faith, and that they had made valuable improvements thereon, concluding with the plea of "*not guilty.*" At the fall term, 1847, the defendants amended their answers, alleging that the title and survey of the original grantee, Haynes, were illegal and invalid.

There was a trial at the same term, which resulted in a verdict and judgment for the defendant Sparks; but the plaintiffs obtained a verdict and judgment against the other defendants, who moved for a new trial, which motion was overruled, and they appealed.

The jury, in their verdict, appear to have computed the value of the use and occupation, as well as the improvements upon the land. There is a bill of exceptions in the record, from which it appears that "the defendants, by their attorneys, moved the court to instruct the jury, that, from the evidence produced by the plaintiff, to wit: two deeds from Thos. Haynes, one to John York and one to Walter Sutherland, copies of which are marked Exhibit A, are hereunto annexed, as a part of this bill, that the plaintiffs did not appear to have joint, undivided and common interest in the land in controversy, but separate and distinct interest in separate halves of the same league, and therefore the jury should find for the defendant, as in case of nonsuit; which instruction the judge refused."

Exhibit A, referred to, contains separate deeds to distinct moieties of the league of land; one to York, and the other to Sutherland, as stated in the bill of exceptions.

There is, in the record, *no statement of facts.*

JEWETT and JOHNSON for appellants.

GILLESPIE for appellees.

Mr. Justice WHEELER, after stating the facts, delivered the opinion of the court.

For the appellants it is contended that the judgment ought to be reversed, for that,

1. The court erred in refusing the instructions asked.

2. The survey of the original grantee, Haynes, was illegal and void.

3. The verdict is illegal; the jury not being warranted in allowing and deducting from the value of the improvements the value of the use and occupation of the premises.

It is manifest that the correctness of the second and third propositions maintained in behalf of the appellants must depend upon the facts of the case as they appeared in evidence. But there being no statement of facts in the record, we have no means afforded of investigating the merits of the controversy, or of ascertaining whether these propositions are well founded in point of fact. We cannot notice any evidence which may have been sent up in the record, unless *certified* or *agreed* to contain the facts of the case. This we have repeatedly decided. We are not informed by the record upon what ground the charge contained in the bill of exceptions was refused. That the objection which the defendants seem to have sought to urge would have been fatal to the action at the trial, or on motion in arrest of judgment, or on error, if clearly made out upon the record, we can entertain no doubt. That two persons holding distinct things by distinct titles, or holding each, in severalty, distinct moieties of a league of land, cannot maintain a joint action for an injury done to the moiety of either, or both, is quite too clear for controversy or doubt. And did it appear that such was the case in the present instance, we have no doubt that, whenever discovered, it would defeat the action. But does it appear from the record before us that such was the case? The judge does not so certify. He only certifies that the defendants asked such a charge, and that he refused it. Had he certified that the fact was as recited by the defendants in the instruction asked, that would have given no information of a fact on which to predicate our judgment as to the propriety of the ruling of the court upon the law. But it may be that the instruction was refused for the reason that it did not present, accurately, the facts as they appeared to the court. It may be that there was other evi-

dence which counteracted the effect of that recited, and which showed a joint ownership in the plaintiffs in the lands in controversy, at the time of the institution of the suit. We are bound to indulge every presumption in favor of the judgment, and we have repeatedly decided, that, where there is no statement of facts, we must presume, in support of the judgment, everything to have been proved which was susceptible of legal proof under the pleadings. That a joint interest in plaintiffs may have been proved in the present instance, by conveyances subsequent to the deeds in question, is apparent. And, in the absence of anything appearing in the record to the contrary, under the settled law and practice of the court, we are required, in support of the judgment, to indulge that presumption in the present instance.

There being, in the record, no statement of facts, and no error apparent, we are of opinion that the judgment be affirmed.