## JESSE B. THOMPSON v. THE STATE.

The court will presume that a judgment *nisi* was taken in accordance with the statutory requirements, unless it otherwise appear. Some legal cause, such as death, sickness, or failure of the grand jury to indict, must be shown why the defendant did not make his personal appearance as required by his bond. (Paschal's Dig., Art. 2884.)

The recitation that the defendant is charged with murder is a good bond or recognizance, although the degree of murder be not stated. (Paschal's Dig., Art. 2732, Notes 708, 709.)

Where one of the defendants was dead when the recognizance was forfeited and the judgment *nisi* entered, it was not error to dismiss as to such deceased party.

To the *ab initio* plea it was replied, that the municipal laws of the state, not in conflict with the constitution and laws of the United States, remained in force during the rebellion, and the present provisional government succeeded it in the administration of criminal justice. (Paschal's Dig., Note 1162, pp. 904, 905.)

APPEAL from Red River. The case was tried before Hon. B. W. GRAY, one of the district judges.

The facts are sufficiently indicated in the opinion of the court.

*R. R. Gaines,* for appellant.—I. The record does not show that the sureties upon the bail bond were called at the court-house door before the rendition of the judgment *nisi.* The code requires this. (Code Crim. Proc., Art. 408; Paschal's Dig., Art. 2880.)

II. The bond is defective in not naming distinctly the offense with which the principal, Thompson, stood indicted. The name given in the bond is merely murder, which is not the name of one offense, but of a class embracing two offenses, namely, murder in the first degree and murder in the second degree. (Penal Code, Arts. 607, 608 *et seq.;* Paschal's Dig., Arts. 2266, 2267.) It is not sufficient to name the class which may embrace the offense. (Code Crim. Proc., Art. 204; Foster v. The State, 27 Tex., 236.)

III. At the time the bond was taken there was no gov-

ernment in the State of Texas that can be recognized by the courts, and hence no officer authorized to take such a bond. The courts cannot recognize a belligerent power as a government *de facto* for any purpose until recognized by the legislative or executive department of the government. (Rose v. Himeley, 4 Cranch, 271; Gelston v. Hoyt, 3 Wheat., 323; Kennett v. Chambers, 14 How., 38; 1 Kent, 27, note *c*; Paschal's Dig., p. 73, note 212; Halleck's International Law, 800 *et seq.*)

IV. But if this view be not correct, and the bond, at the time of its execution, were a subsisting valid obligation in favor of the insurrectionary power then known as the State of Texas, the title to this bond, and to all other credits and property of such insurrectionary state, passed by the act of surrender, in 1865, to the United States; and the present provisional State of Texas is not entitled to recover in this action.

V. The ordinance of the convention of 1866, making valid the acts of officers during the war, cannot be invoked to make good the act of the sheriff in taking this bond. The effect of this would be to create a forfeiture where none could accrue under the law as it previously existed. The ordinance as to this matter is strictly *ex post facto* and void. In Watson v. Menhu, 8 Pet., 110, Judge STORY says: "In short, *ex post facto* laws relate to penal and criminal proceedings, which impose penalties and forfeitures, and not to civil proceedings," &c.

VI. The record discloses that one of the defendants in the court below was dead at the time of the rendition of the judgment against him. The suit was not dismissed as to him until five days after the judgment was rendered. This makes the judgment void. (Sayles's Prac., 300; Bissel v. Lavaca, 6 Tex., 54; Martel v. Hernsheim, 9 Tex., 294.

No brief for the state was furnished to the *Reporter*.

CALDWELL, J.—Indictment for murder. The bail bond held the defendant to answer in the usual form the charge of murder, without naming the degree. The bond was forfeited.

Upon *scire facias* defendant's securities, in showing cause why judgment should not be made final, say—

1. The record does not show that defendant's securities were called at the court door. (Paschal's Dig., Art. 2880.)

2. The bond does not distinctly name the offense, that is, the degree of murder.

3. One of the securities was dead at the rendition of the judgment, (and thereafter, at the same term, dismissed.)

1st. This court will presume that the judgment *nisi* was taken in accordance with the statutory requirements, unless it affirmatively appear otherwise. (3 Tex., 357.) Some cause must be shown why the defendant did not make his personal appearance, as required by his bond. (Paschal's Dig., Art. 2884.) The causes which the statute specify are death, sickness, or failure of the grand jury to return an indictment. That a court ought to set aside a judgment for other valid cause we have no doubt, but the cause, whatever it may be, should flow out of the defendant's inability to attend the court; not his disinclination, contempt, or dread of its authority.

2d. Murder is a distinct offense, although of different degrees, and excludes the idea of pertaining to a class of offenses. Whether it be of the first or second degree is a question of fact to be determined by a jury, and if it is of either degree a bond taken for murder would fulfill the requirements of the law. (Paschal's Dig., Art. 2732.)

3d. The defendants could not have been prejudiced by dismissing as to their co-defendant, after the rendition of the judgment, when the fact of his decease became known. It could have been done before judgment, why not after?

It is further objected, that at the date of the bond the State of Texas was in rebellion, and not a state in the

Union, as contemplated by the constitution. To this we reply, that the municipal laws of the State of Texas, not in conflict with the constitution and laws of the United States, were in full force during the rebellion, and the present provisional state government succeeds it in the administration of criminal justice.

JUDGMENT AFFIRMED.

[MORRILL, C. J., did not sit in this case.]