CHAS. S. TODD v. STATE OF TEXAS ET AL.

Decided January 19, 1911.

**1.—Judgment—Default—Recitals.**

A judgment which recites that the defendants, who had answered, the case being called for trial, came not but wholly made default, but, which also recites that the court, after hearing the pleadings and evidence found in favor of plaintiff, is to be taken as showing a judgment, not by default, but on hearing and proof.

**2.—Judgment—Presumption.**

In the absence of a statement of facts, every fact alleged in the petition and necessary to support the judgment will be presumed to have been proven. The fact that defendants, in an action for recovery of taxes by the State, had filed a verified denial of the petition will not defeat such presumption.

**3.—Pleading—Verification—Jurisdiction—Waiver.**

Though the petition in an action by the State to foreclose a lien for taxes was not verified by affidavit as required (Act of April, 1897, Laws 25th Legislature, p. 132, sec. 6, Sayles' Statutes, art. 5232f), the omission did not deprive the court of power to render judgment. The defect could be waived. Though an exception to the pleading for such defect should have been sustained, if presented, it was waived by failure of defendant to be present and call it to the attention of the court.

**4.—Statutory Construction—Mandatory and Directory Provisions.**

The rules of statutory construction as to what directions should be considered mandatory and what directory merely, considered and stated.

Error from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*Chas. S. Todd,* for plaintiff in error.

*Patrick G. Henry,* County Attorney, and *Sam H. Smelson,* for defendant in error.

WILLSON, CHIEF JUSTICE.—The suit was by the State against plaintiff in error Chas. S. Todd and Bruce Christopher and James K. Wadley, as the owners of lot 4 in block 90 in the City of Texarkana, to recover sums alleged to be due by them as taxes on said lot, and to foreclose a lien asserted on same to secure the payment of such taxes. The requirement of the statute that the petition in such a suit should be verified by the affidavit of the attorney bringing it, or by the county judge, to the effect that the averments contained therein were true "to the best knowledge and belief of affiant" (Sayles' Stat., art. 5232f) was not complied with. The answer of the defendants, duly verified, was filed May 10, 1909. In it they specially excepted to the petition, on the ground that it had not been verified as required by the statute, denied the truth of the allegations therein, and specially denied "that," quoting, "the said lot No. 4 in block No. 90, was ever separately assessed for taxes for the years mentioned in plaintiff's petition, and say that the same was assessed in connection with lots No. 5 and No. 6, that is, lots Nos. 4, 5 and 6 were assessed in one assessment on the —— day of —— 1908, amounting to $322. Wherefore defendants say that taxes sued for herein have been paid and plaintiff ought not to recover." It does not appear from the record that the exception to the petition was called to the attention of the court, and therefore it must be treated as having been waived. A trial had January 27, 1910, resulted in a judgment in favor of the State against all of the defendants, but the writ of error was sued out by the defendant Todd alone.

The contention made that the case "was called up in the absence of defendants and a judgment by default taken and entered without the introduction of any evidence" is not supported by the record. While it is recited in the judgment that "the defendants came not, but wholly made default," it is also recited therein that "a jury not having been demanded all questions of law and fact were submitted to the court,

and after hearing the pleadings and evidence and duly considering the same, the court is of the opinion and finds that the defendants, Chas. S. Todd, Bruce Christopher and Jas. K. Wadley, are indebted to the plaintiff, the State of Texas, for the taxes due it for the years 1895, 1896, 1897, 1898, 1899, 1901 and 1903 in the sum of $107.42, and for interest and costs," etc. The recital that the defendants "came not, but wholly made default," is, obviously, erroneous, for the defendants had duly filed an answer to the petition, and in that way were before the court. That recital, erroneous as it so appears to be, should not be held to show that the judgment was one by default, in the face of the further recitals that the court before rendering the judgment heard and considered the pleadings, and heard and considered evidence which he believed to be sufficient to support findings made the basis for the judgment rendered. In determining the character of the judgment, we think the latter recitals should be regarded as controlling, and that the judgment should be construed to be one rendered on the merits of the case.

A further contention made is that "the defendants' duly verified answer entitled the defendants to judgment." There is no statement of facts with the record before us. Therefore a presumption must be indulged that every fact alleged in the petition and necessary to be proved to authorize the judgment rendered was proved. Curry v. York, 3 Texas, 357; Gentry v. Schneider, 77 Texas, 2. If every such fact was proved, certainly the fact that the allegations in the defendants' answer had been verified by their affidavit was not a reason why a judgment should not be rendered against them. To hold otherwise would be to say, in effect, that all the defendant in such a suit need ever do, in order to defeat a recovery by the State, is to verify by his affidavit and file with the clerk an answer denying its right to recover as claimed in its petition.

The remaining contention is that the petition, because it was not verified as required by the statute referred to, was not sufficient to support the judgment. The language of the statute is: "The petition in such suits shall be signed by the attorney bringing the suit, and shall be verified by the affidavit of said attorney, or the county judge, to the effect that the averments contained in said petition are true to the best knowledge and belief of affiant." Had the exception to the petition, on the ground that it had not been so verified, been called to the attention of the trial court, there is authority for saying it should have been sustained. Cockrell v. State, 22 Texas Civ. App., 568, 55 S. W., 580. The failure to direct the attention of the court to the exception and to have him rule thereon, operated as a waiver of the defect it pointed out in the petition, if the defect was one which could be waived. Therefore the question is, was a verification of the petition a requirement which could not be waived, because indispensable to an exercise by the court of power to hear and determine the suit? In other words, was the court without jurisdiction to hear and determine the suit unless the petition was verified? We think not. While the language

of the statute is that the petition in such a suit "shall" be verified, we do not think it was intended to be mandatory, in the sense that a compliance with its requirement should be necessary in order to confer upon the court jurisdiction of the suit. The statute does not declare that such a suit shall not be commenced and prosecuted otherwise than by a petition verified as it directs. Indeed, it seems that, without reference to the statute, the State might, as against a known owner of land delinquent for taxes assessed against it, by an unverified petition, and in accordance in other respects with the law and procedure controlling in the institution and conduct of ordinary foreclosure suits, have commenced and prosecuted such a suit as this one was. City of Henrietta v. Eustis, 87 Texas, 14, 26 S. W., 620; Cave v. Houston, 65 Texas, 619; Cordray v. Neuhaus, 25 Texas Civ. App., 247, 61 S. W., 416. If the court to which this suit was brought might have heard and determined it without reference to, or in the absence of, the statute in question, it would not, we think, be reasonable to conclude that the Legislature intended by the language it used, if the petition was not verified, to deny to the court power to hear it because brought with reference to the statute, when, if it had not been so brought, the court might have heard and determined it. The purpose of the Legislature in requiring the petition to be sworn to, we think, was to insure good faith on the part of its officers in instituting the suit, and so prevent its citizens from being harassed by suits improvidently commenced, and not to place a limitation on the right of the court to entertain jurisdiction of such a suit when commenced. Johnson v. Milling, 19 Mont., 30, 47 Pac., 340. "It has long been settled," said Judge Cooley, speaking with reference to rules for construing statutes, "that particular provisions may be regarded as *directory merely;* by which is meant that they are to be considered as giving directions which *ought* to be followed, but not as so limiting the power in respect to which the directions are given that it can not effectually be exercised without observing them. . . . Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute." Cooley's Const. Lim., 3rd ed., pp. 74 and 78. "Where the statute is affirmative," said Mr. Sutherland, "it does not necessarily imply that the mode or time mentioned in it is exclusive, and that the act provided for, if done at a different time or in a different manner, will not have effect. Such is the literal implication, it is true; but since the letter may be modified to give effect to the intention, that implication is often prevented by another implication, namely, that the Legislature intended what is reasonable, and especially that the Act shall have effect; that its purpose shall not be thwarted by any trivial omission, or a departure from it in some formal, incidental or comparatively unimportant particular."

Lewis' Suth. on Stat. Con., sec. 611. We think the defect in the petition did not operate to deprive the court of jurisdiction to hear and determine the suit, but was a defect defendants could waive. As it appears that they did waive it, we think the contention made should be overruled.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.