

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-21-00013-CV

_____


MAXIE D. GREEN, D/B/A A-Z BAIL BONDS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 190,340-A

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion on Remand by Chief Justice Sudderth

## MEMORANDUM OPINION ON REMAND

### Introduction

This case is on remand from the Texas Court of Criminal Appeals and involves appellant Maxie D. Green d/b/a A-Z Bail Bonds's challenge to summary judgment for the State on its bond-forfeiture claim. Green asserts that the State's own evidence raised three fact issues: (1) whether Green received proper notice of the pretrial hearing at issue; (2) whether the criminal defendant's name was called at the courthouse door; and (3) whether the criminal defendant called was the same person who signed the bond. In the first appeal, we concluded that the State's evidence showing that the criminal defendant's name was called "at the court*room* door" did not conclusively prove that it was called "at the court*house* door."[1] *See* Tex. Code Crim. Proc. Ann. art. 22.02. Thus, we sustained Green's second issue, reversed the summary judgment, and remanded the case for trial. On petition for discretionary review, the Texas Court of Criminal Appeals held that Article 22.02 requires only substantial compliance and that calling a defendant's name "at the court*room* door" suffices as a matter of law. *Green v. State*, 670 S.W.3d 633, 637 (Tex. Crim. App. 2023). The Texas Court of Criminal Appeals overruled Green's second issue and remanded the case for us to address Green's

---

[1]The case facts are set out in our previous opinion. *See Green v. State*, No. 02-21-00013-CV, 2021 WL 5747148, at *1 (Tex. App.—Fort Worth Dec. 2, 2021) (mem. op.), *rev'd and remanded*, 670 S.W.3d 633 (Tex. Crim. App. 2023).

remaining issues.  *Id.*  We overrule Green's remaining issues and affirm the trial court's judgment.

## Standard of Review

Although they are criminal actions, bond-forfeiture cases are reviewed on appeal using the same rules as civil suits.  Tex. Code Crim. Proc. Ann. arts. 44.42, 44.44; *Benson v. State*, 476 S.W.3d 136, 138 (Tex. App.—Austin 2015, pet. ref'd).  In a summary judgment case, the issue on appeal is whether the movant established that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We review a summary judgment de novo.  *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  The movant's own summary judgment evidence can create an issue of fact.  *Keever v. Hall & Northway Advertising, Inc.*, 727 S.W.2d 704, 706 (Tex. App.—Dallas 1987, no pet.); *see Luke v. Unifund CCR Partners*, No. 2-06-444-CV, 2007 WL 2460327, at *4-5 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.).

We will affirm a summary judgment only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action (or defense, as the case may be) as a matter of law.  *City of Houston v. Clear Creek Basin Auth.*,

589 S.W.2d 671, 678 (Tex. 1979). If the movant fails to establish its entitlement to a traditional summary judgment, the burden of proof never shifts to the nonmovant. *Draughon v. Johnson*, 631 S.W.3d 81, 87–88 (Tex. 2021).

**Applicable Law**

The Code of Criminal Procedure outlines the statutory framework for bond-forfeiture proceedings:

> Bail bonds and personal bonds are forfeited in the following manner: The name of the defendant shall be called distinctly at the courthouse door, and if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown why the defendant did not appear.

Tex. Code. Crim. Proc. Ann. art. 22.02; *see also Hernden v. State*, 865 S.W.2d 521, 523 (Tex. App.—San Antonio 1993, no pet.) (holding bond-forfeiture cases are "entirely statutory").

The essential elements of the State's bond-forfeiture claim are the bond and judgment nisi, which is the judicial declaration of the bond forfeiture. *Alvarez v. State*, 861 S.W.2d 878, 880–81 (Tex. Crim. App. 1992). When moving for summary judgment on a bond forfeiture, the State must conclusively prove three facts: (1) a valid bond; (2) the failure of the defendant to appear at a criminal hearing at which his presence is required; and (3) the calling of the defendant's name distinctly at the courthouse door. *Alvarez*, 861 S.W.2d at 888 (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 22.02. "A

4

judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise." *Tocher v. State*, 517 S.W.2d 299, 301 (Tex. Crim. App. 1975) (citing *Thompson v. State*, 31 Tex. 166, 168 (1868) ("This court will presume that the judgment nisi was taken in accordance with the statutory requirements, unless it affirmatively appears otherwise.")).

If the State meets its burden, "[t]he burden then shifts to the respondent to show good cause as to why the defendant did not appear." *Green*, 670 S.W.3d at 637 (citing *Alvarez*, 861 S.W.2d at 888). The good-cause element "operates like an affirmative defense in that the defendant admits he failed to appear but asserts he has good cause which excuses his failure to do so." *Alvarez*, 861 S.W.2d at 888.

### Application

Green does not dispute that the bond at issue was valid or that the criminal defendant did not appear. The Texas Court of Criminal Appeals concluded that the State's evidence was sufficient to show that the criminal defendant's name was called at the courthouse door. *Green*, 670 S.W.3d 637–38. Thus, the only remaining question is whether the criminal defendant had good cause for failing to appear. *See id.* at 637.

Green contends in his first issue that the State failed to prove that he received notice of the hearing at issue. He contends in his third issue that the State failed to prove that the criminal defendant called was the same person who had signed the bond. Because the issues concern the criminal defendant's good cause for failing to appear, Green, not the State, had the burden of proof. *See Alvarez*, 861 S.W.2d at 888.

5

**Issue 1—Hearing Notice**

In his first issue, Green contends that the State's motion for summary judgment, "on its own," raised a fact issue concerning whether the criminal defendant or Green received notice of the hearing. According to Green, the State must prove that the "bail bondsman [received] notice of the hearing so he [could] get the Defendant there," and the State's summary-judgment motion "did not conclusively establish" that he or the criminal defendant received notice.

Green, however, failed to plead his hearing-notice defense or raise it in his summary-judgment response. The good-cause element "operates like an affirmative defense." *See id.* If a nonmovant relies on an affirmative defense to oppose a summary-judgment motion, he must plead it and come forward with summary-judgment evidence sufficient to raise a fact issue on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *see also* Tex. R. Civ. P. 94 (requiring defendants to specifically plead affirmative defenses or "any other matter constituting an avoidance"); *see, e.g., Alvarez*, 861 S.W.2d at 888 (noting that appellant pleaded multiple defenses and offered summary-judgment evidence that he did not receive notice to appear). By failing to raise the hearing-notice defense with the trial court, Green waived it. We overrule his first issue.

**Issue 3—Criminal Defendant's Identification**

In his third issue, Green contends that the State failed to prove that the criminal defendant called at the hearing was the same person who had signed the bond.

According to Green, the State could have offered fingerprint, handwriting, or eyewitness evidence "to link the bail bond with the person who was to be in court on the date in question." Green's argument consists of one paragraph and cites no authority.

An appellant's brief must contain "a clear and concise argument" that includes appropriate citations to legal authority and the appellate record. Tex. R. App. P. 38.1(i). "[A]ppellate courts have no duty—or even the right—to perform an independent review of the record and the applicable law to determine whether there was error; we cannot make the party's arguments for [hi]m, and then adjudicate the case based on the arguments we have made on [his] behalf." *Craaybeek v. Craaybeek*, No. 02-20-00080-CV, 2021 WL 1803652, at *5 (Tex. App.—Fort Worth May 6, 2021, pet. denied) (mem. op.) (internal quotations omitted). Although an appellant can raise a general challenge to the trial court's grant of summary judgment, "the appellant must also support the issue *with argument and authorities* challenging each ground." *Rollins v. Denton Cnty.*, No. 02-14-00312-CV, 2015 WL 7817357, at *2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) (mem. op.) (emphasis added).

Green failed to adequately brief this issue for our review. *See Craaybeek*, 2021 WL 1803652, at *5.

Regardless, Green misplaces the burden of proof, *see Alvarez*, 861 S.W.2d at 888, and the record reflects that he did not plead his defendant-identification defense or

raise it in his summary-judgment response. Thus, Green waived the issue. *See Brownlee*, 665 S.W.2d at 112; Tex. R. Civ. P. 94.

The State, nonetheless, contends that certain deemed admissions establish that the criminal defendant called was the same person who signed the bond. The State offered summary-judgment evidence of requests for admissions that it had propounded on Green. The requests included admissions that Green signed the bond for the criminal defendant and that the criminal defendant's name was called outside the courtroom for the hearing at issue. The State also offered a records custodian's affidavit to prove up the requests and confirm that the State's case file contained no record that Green had responded to the State's discovery requests. The State's discovery requests were attached to and referenced in the affidavit.

Green objected that the affidavit did not "include the documents it [was] attempting to authenticate," but he did not identify which documents were missing. He makes the same argument on appeal. The record, however, does not reflect that Green obtained a ruling on his objection. Generally, if a party does not obtain a written ruling on an objection to summary-judgment evidence, the objection is not preserved. *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164–65 (Tex. 2018); Tex. R. App. P. 33.1. Thus, Green failed to preserve this error for appeal.

In its summary-judgment motion, the State contended that the requests were deemed admitted because Green failed to respond. The record reflects that Green offered no evidence or argument to refute the State's contention. Indeed, he did not

address the State's requests for admission at all.  Nor does he on appeal.  Thus, as we did in our previous opinion, we will consider the admissions deemed because Green failed to preserve a complaint about them for appeal.  *See Green*, 2021 WL 5747148, at *2 n.3 (citing Tex. R. Civ. P. 166a(c)).  We further note that the bond, hearing notice, call certification, and judgment nisi reflected in the State's evidence name the same criminal defendant and have the same case number.  Thus, not only did Green waive the defendant-identification issue, but the State's evidence and the deemed admissions prove that the criminal defendant called was the same person who signed the bond.  We overrule Green's third issue.

## Conclusion

Having overruled Green's remaining issues, we affirm the trial court's judgment.


/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  August 31, 2023

9