## C. F. COX ET AL. V. THE STATE.

### No. 370.  Decided January 26.

1. **Scire Facias on Bail Bond—Judgment when Not Rendered Against Principal.**—A judgment final on a forfeited bail bond rendered against the sureties, and without any disposition of the case as to the principal, is not such a final judgment as will confer jurisdiction on the appellate court, either on appeal or writ of error.

2. **Same—Practice.**—After forfeiture of bail bonds, the procedure and practice on scire facias are the same as in civil cases.

3. **Appeals—Final Judgment—Practice on Appeal.**—Appeals, even in criminal cases, will not be entertained in the absence of a final judgment.

WRIT OF ERROR from the District Court of Throckmorton. Tried below before Hon. ED. J. HAMNER, Special Judge.

On the 8th day of April, 1892, Sam Cox, as principal, with C. F. Cox and H. H. Landsaw as sureties, entered into a bail bond in the sum of $300 for the appearance of said Sam Cox before the District Court of Throckmorton County, to answer to an indictment for assault with intent to murder. This bond was regularly forfeited, and judgment nisi rendered against the principal and sureties. Scire facias was duly issued, and at the next term the judgment was made final against the sureties for the sum of $200, without making any disposition of the case against Sam Cox, the principal in said bail bond. From this judgment the sureties prosecute this writ of error.

*W. T. Andrews*, for plaintiffs in error.—1. The court erred in rendering judgment final against defendants C. F. Cox and H. H. Landsaw, sureties on the bail bond of Sam Cox, without rendering judgment final against said Sam Cox, principal in said bail bond, also.

2. The court erred in rendering judgment final against defendants C. F. Cox and H. H. Landsaw, sureties on the bail bond of Sam Cox, without making any disposition whatever of the cause as to the said Sam Cox, principal in said bail bond, and against whom as principal the judgment nisi was heretofore rendered in this cause. Code Crim. Proc., arts. 449, 453; Thompson v. The State, 17 Texas Crim. App., 319; Brown v. The State, 40 Texas, 49; Walter v. The State, 6 Texas Crim. App., 255; Wilson v. The State, 4 Texas Crim. App., 640; Cowen v. The State, 3 Texas Crim. App., 381, citing Blalock v. The State, 35 Texas, 89.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This writ of error is prosecuted from a judgment rendered against the sureties on a forfeited bail bond. The record discloses that judgment nisi was entered against principal and sureties, and upon final hearing, judgment rendered against the sureties. This judgment was not made final as to the principal, nor was any disposition of the case made as to such principal. He being

a necessary party to the suit, should have been disposed of in some legal manner, in order to constitute the judgment rendered a finality. This not having been done, the judgment rendered is not such a final disposition of the case as authorized the prosecution of an appeal or writ of error. As presented by this record, we are of opinion the jurisdiction of the court can not attach to this appeal. Such seems to be the rule in the courts of this State in civil cases. Mignon v. Brinson, 74 Texas, 18; Wootters v. Kauffman, 67 Texas, 497; Simpson v. Bennett, 42 Texas, 241; Martin v. Crow, 28 Texas, 615. After forfeiture of bail bonds, the procedure and practice in scire facias are the same as in civil cases. Hart v. The State, 13 Texas Crim. App., 555; Houston v. The State, Id., 558. This is well settled now in this State. It is also well settled, that appeals can not be entertained in this court in criminal cases in the absence of a final judgment, and when such final judgment is not disclosed by the transcript, the appeal must be dismissed. This rule applies in felony cases, and in this latter character of case the final judgment is the sentence, except in cases wherein the death penalty has been inflicted.

For the reasons indicated, the appeal is dismissed.

*Dismissed.*

Judges all present and concurring.