## J. C. COUCH v. THE STATE.

No. 65.   Decided October 27, 1909.

Recognizance—Judgment by Default—Service—Citation.

See opinion for service held insufficient to support a judgment by default in proceedings upon forfeited recognizance. Following Fulton v. State, 14 Texas Crim. App., 32, and other cases.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from judgment final on forfeited recognizance against appellant and his sureties in the sum of $300.

The opinion states the case.

*Scott & Foster,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This appeal is from a forfeiture of a bail bond. The judgment was taken by default.

It is contended that the service and execution thereof, as shown by the officer's return, is not sufficient. The return as to the service and execution of the papers, notice, etc., is as follows: "Came to hand 22d day of August, 1908, and executed on J. C. Couch 22d day of August, 1908, in Brownwood, Tex., and executed on C. H. Benney Sept. 1, 1908, in Brownwood, Tex." Signed by the sheriff by a deputy. Under all the authorities this service is not sufficient. Article 480 Code Criminal Procedure provides as follows: "Sureties shall be entitled to notice by service of citation, the length of time and in the manner required in civil actions, and the officer executing the citation shall return the same in the manner provided for the return of citations in civil actions." In proceedings upon forfeited bail bonds and recognizances the sureties are entitled to notice, by service of citation, for the length of time and in the manner required in civil actions. Middleton v. State, 11 Texas, 255. For collation of authorities generally see White Annotated Code Criminal Procedure, section 436; Batt's Annotated Civil Statutes, Art. 1225 and citations in notes; Fulton v. State, 14 Texas Crim. App., 32; Rutherford et al. v. Davenport et al., 16 S. W. Rep., 110; Russell et al. v. Butler et al., 71 S. W. Rep., 395.

The judgment by default under the service and execution of the process is not sufficient to sustain the judgment by default under the authorities cited. The judgment is reversed and remanded.

*Reversed and remanded.*