## ROY HEIMAN ET AL. v. THE STATE.

No. 2431.  Decided May 14, 1913.

Rehearing denied June 27, 1913.

**1.—Bail Bond—Notice of Appeal—Writ of Error—Practice.**

It has always been the rule in this State that after forfeiture of a bail bond or a recognizance the procedure and practice is the same as in civil cases. Following Houston v. State, 13 Texas Crim. App., 558, and other cases.

**2.—Same—Scire Facias—Practice—Civil Cases—Brief.**

Unless briefs have been filed in the court below and in this court in scire facias cases in compliance with the rule governing civil cases, such appeals will be dismissed.  Following Jay v. State, 34 Texas Crim. Rep., 98.

**3.—Same—Writ of Error—Delay.**

Where the record in a scire facias appeal was not filed in this court for nearly a year, although notice of appeal had been given and the statement of facts approved and filed, and appellants filed a writ of error and even then took no proper steps to present their case, the same should not be considered; however, the questions presented present no error.

**4.—Same—Evidence—Indictment.**

In a scire facias proceeding on a bail bond, it was not necessary to introduce the indictment in evidence. Following Abbott v. State, 45 Texas Crim. Rep., 514.

**5.—Same—Bail Bond—Filing.**

A bail bond duly taken and approved by the sheriff is not vitiated by the fact that it was not filed with the clerk until the day of the forfeiture.

Appeal from the District Court of Galveston.  Tried below before the Hon. Robt B. Seay.

Appeal from a forfeiture of a bail bond in the sum of $1000.

The opinion states the case.

*W. F. Ramsey*, for plaintiffs in error.

*C. E. Lane*, Assistant Attorney-General, and *C. H. Theobald* and *G. A. Wilson* and *Walter E. Crawford*, for the State.—Cited Schweir v. State, 50 Texas Crim. Rep., 119; Cox v. State, 60 id., 471.

HARPER, JUDGE.—This is a suit on a forfeited bail bond and was tried in February, 1912.  Motion for new trial was overruled in March and notice of appeal given.  For some reason the appeal was abandoned, and on February 13, 1913, about a year after the trial of the case, petition was filed praying for a writ of error, also a bond for the writ, and citation was issued on February 18, 1913, the record not being made out and filed in this court until March 27, 1913.  No briefs have ever been filed in this case in the trial court and none filed in this court by appellants until the day of submission of the cause on April 23d. Having grave doubts that the case was presented in a way we could consider it on its merits, we have delayed the matter further to give

counsel time to file additional briefs, showing in what way we would be authorized to entertain this appeal, but so far they have not done so. It has always been the rule in this State that after forfeiture of bail bond or recognizance the procedure and practice is the same as in civil cases. Houston v. State, 13 Texas Crim. App., 558; Holt v. State, 20·Texas Crim. App., 271; Cox v. State, 34 Texas Crim. Rep., 94; Morse v. State, 39 Texas Crim. Rep., 566.

And it has been frequently held that unless briefs have been filed in the court below and in the Court of Criminal Appeals in compliance with the rules governing civil cases such appeals will be dismissed. Lewis v. State, 38 S. W. Rep., 205; Sparks v. State, 47 S. W. Rep., 976; Jay v. State, 34 Texas Crim. Rep., 98.

Again it appears by this record that notice of appeal was given at the term at which the case was tried; statement of facts approved and filed, but for some reason the record was not filed in this court for nearly a year, no effort made to bring the case here for review until an execution had been issued and levied on property sufficient, it seems, out of which to make the judgment, then appellants file an application for writ of error, but take no further steps to properly present their case to this court. However, if we should consider the questions raised they present no error. Virtually all the testimony offered tending to show the death of the principal was hearsay, and such matters as were offered to be proven as within the knowledge of the witnesses would hardly raise the issue of his death, and if the court had admitted the fact that Mr. Johnson had received a letter ·from him stating that he was sick, but expressing a willingness to come to trial; that for two years he had not been heard of would not be evidence of that force and cogency as to present the issue.

It was not necessary to introduce the indictment in evidence. The judgment nisi and bond were introduced and this has been held all that was necessary. Abbott v. State, 45 Texas Crim. Rep., 514.

The bond shows to have been made, approved and the prisoner released on the 1st of June, 1908, and if the sheriff had held it in his pocket and not filed it with the clerk until the day of forfeiture this would not vitiate the bond.

Dismissed.

*Dismissed.*

[Rehearing denied June 27, 1913.—Reporter.]