ANDERSON v. INEEDA LAUNDRY & DYE
WORKS et al. (No. 337.)

(Court of Civil Appeals of Texas. El Paso.
April 23, 1914. Rehearing Denied
May 28, 1914.)

APPEAL AND ERROR (§ 773*)—DISMISSAL—DE-
LAY IN FILING BRIEFS.

Where an appellant failed to file her brief
in the district court within the time limited by
Rev. St. 1911, art. 2115, the appeal will be
dismissed on appellee's motion, if the appellant
fails to give a sufficient excuse for her disregard
of the statutory provision.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3104, 3108–3110; Dec.
Dig. § 773.*]

Appeal from District Court, Harris Coun-
ty; Norman G. Kittrell, Judge.

Action between Edna T. Anderson and the
Ineeda Laundry & Dye Works and others.
From a judgment for the Laundry Company
and others, Edna T. Anderson appeals. Ap-
peal dismissed.

Woods & Harris, of Houston, for appellant.
Gill, Jones & Tyler, of Houston, for appellees.

McKENZIE, J. This cause was tried be-
fore the court without a jury, and judgment
entered March 29, 1913. Motion for new
trial overruled April 18, 1913. Appeal per-
fected to the Court of Civil Appeals at Gal-
veston May 8, 1913, and the record filed in
that court on the 17th day of July, 1913, the
record having been delivered to the attorneys
for the appellant on July 11, 1913, by the
clerk of the district court, and it appears
that no brief has been filed in the court be-
low or in the Court of Civil Appeals. On
February 11, 1914, in pursuance of an order
of the Supreme Court, the cause was trans-
ferred to this court and was duly submitted
on April 16, 1914; the record having been
filed in this court since March 2, 1914. On
April 11, 1914, the appellees filed their mo-
tion to dismiss this appeal because the appel-
lant had failed to comply with the law in fil-
ing her brief in the court below and in this
court. On April 14, 1914, the appellant filed
in this court a motion to file briefs, tendered
briefs with the motion, and also on said day
filed a contest to appellees' motion to dismiss
the appeal. The cause is now before us upon
appellees' motion to dismiss the appeal.

Article 2115, Rev. Civ. St. 1911, is as fol-
lows: "Not less than five days before the
time of filing of the transcript in the Court
of Civil Appeals the appellant or plaintiff in
error shall file with the clerk of the district
court a copy of his brief, which shall be by
the clerk" of the district court "deposited
with the papers of the cause, with the date of
filing indorsed thereon; and the clerk shall
forthwith give notice to the appellee or de-
fendant in error, or his attorney of record,
of the filing of such brief, and that in twenty
days after such notice the appellee or defend-
ant in error shall file a copy of his brief

with the clerk of said court below, and with
the clerk of the Court of Civil Appeals four
copies."

We have examined the grounds of contest
set out by appellant in resisting the motion
to dismiss and are of the opinion that they
are wholly insufficient to excuse her disre-
gard of the provisions of the statute quoted.

It therefore becomes our duty to grant ap-
pellees' motion and dismiss this appeal. Bow-
den v. Patterson, 108 S. W. 177, and author-
ities therein cited.