### J. B. THETFORD ET AL. v. THE STATE.

Nos. 3237, 3238 and 3239.   Decided October 14, 1914.

**1.—Judgment Nisi—Civil Docket—Procedure.**

Where a judgment final on a forfeiture of bail bond is rendered, the statute provides that such cases shall be placed on the civil docket, and the proceedings shall be governed by the same rule governing other civil actions.

**2.—Same—Brief—Practice on Appeal.**

In an appeal from a judgment final on a judgment nisi, the law requires that appellant must file a brief in the lower court and in this court as in civil actions, and, where this is not done, the appeal will be dismissed upon motion of the State.   Following Conrad v. State, 9 Texas Crim. App., 674, and other cases.

Appeal from the District Court of Denton. Tried below before the Hon. C. F. Spencer.

Appeal from a judgment final from a forfeited bail bond in the sum of $500.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, Presiding Judge.—These three cases are by the same appellants and present exactly the same question. The judgment appealed from in each case is a final judgment on a forfeited bail bond.

Our statute expressly provides that such cases shall be placed on the civil docket and the proceedings shall be governed by the same rules governing other civil actions.

Our law requires an appellant in such case to file a brief in the lower court and this court as in civil actions. No brief is filed in this case and there is no indication that one has ever been filed in the lower court. Therefore, upon the motion of the Assistant Attorney General each of said cases is hereby ordered dismissed. Lewis v. State, 38 S. W. Rep., 205; Sparks v. State, 47 S. W. Rep., 976; Mack v. State, 57 S. W. Rep., 811; Bringhurst v. State, 37 S. W. Rep., 757; Conrad v. State, 9 Texas Crim. App., 674. It is needless to cite other authorities.

*Dismissed.*