**BUICK AUTOMOBILE CO. v. O'KEEFE et al. (No. 8121.)**

(Court of Civil Appeals of Texas. Ft. Worth. March 6, 1915.)

APPEAL AND ERROR &⇒773—FAILURE TO FILE BRIEFS IN TRIAL COURT—AGREEMENTS.

Where defendant sued out a writ of error to review a judgment for plaintiff and for a third person made a party by defendant, but filed no briefs in the trial court, and there was no agreement between defendant and the third person for the filing of briefs in the Court of Appeals, but an agreement between defendant and plaintiff for the filing of briefs, the writ of error would, on motion of the third person, be dismissed as to him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. &⇒773.]

Error from Tarrant County Court; Chas. T. Prewitt, Judge.

Action by C. A. O'Keefe against the Buick Automobile Company, in which the Motor Car Specialty Company was made a party. There was a judgment for plaintiff and the Motor Car Specialty Company, and defendant brings error. Affirmed as to plaintiff, and dismissed as to the Motor Car Specialty Company.

C. T. Rowland and Theodore Mack, both of Ft. Worth, for plaintiff in error. Bryan, Stone & Wade, of Ft. Worth, and McMurray & Gettys, of Decatur, for defendants in error.

BUCK, J. This was a suit, filed originally in the justice court, by C. A. O'Keefe against the Buick Automobile Company, for rent in the sum of $125. The Motor Car Specialty Company was made by the Buick Automobile Company a party defendant. In the county court, the court instructed a verdict for plaintiff against defendant Buick Automobile Company for $130.60, $125 and interest, and also in favor of the Motor Car Specialty Company as to the claim of the Buick Automobile Company over against it. From a judgment based on such verdict, the Buick Automobile Company appeals.

There was a rental contract between the plaintiff and the appellant, and appellant alleged that the appellee Motor Car Specialty Company had assumed such contract and its liabilities, and that in no event would the Buick Automobile Company be primarily liable for said rent, but only secondarily so, if at all.

The judgment in the trial court was rendered May 31, 1913. The appellant made its application for writ of error May 31, 1914, on which day it filed its supersedeas bond. So that it will be seen that the writ of error was sued out on the last day allowed by law. No briefs were filed in the court below, and, so far as the appellee Motor Car Specialty Company is concerned, there is no agreement for the filing of such briefs in this court. There is, however, an agreement by and between appellant and appellee C. A. O'Keefe that plaintiff in error may file such briefs. Appellee Motor Car Specialty Company has filed its motion to dismiss the writ of error, which motion, in so far as the appellant and the appellee Motor Car Specialty Company are concerned, is granted.

The first assignment urged by appellant is as follows:

"The court erred in peremptorily instructing a verdict for the following reasons, to wit: (1) Because the evidence showed that the plaintiff had accepted the Motor Car Specialty Company as a substitute tenant for the Buick Automobile Company; (2) because the evidence, at least, was sufficient to require the submission to the jury of the issue as to whether or not the plaintiff had accepted the Motor Car Specialty Company as a substitute tenant for the Buick Automobile Company; (3) because there was a question for the jury to determine as to whether or not the liability of the Buick Automobile

Company to the plaintiff was primary or secondary."

In disposing of this assignment, it is sufficient to say that we are able to find no evidence that the plaintiff ever acknowledged or accepted the Motor Car Specialty Company as his tenant. On the contrary, every time the matter was mentioned, Mr. Ligon, the agent of Mr. O'Keefe, specifically and clearly refused to accept such substitution or to release the appellant, and therefore this assignment is overruled.

Since the second assignment complains of alleged error relating only to the contention and issues arising between the Buick Automobile Company and the Motor Car Specialty Company, and the appeal as between these parties being dismissed, we cannot consider such assignment.

These being the only assignments presented, and finding no error, and it appearing to this court that this appeal by writ of error was only made for delay, the court grants appellee O'Keefe motion to affirm, with 10 per cent. damages; and it is so ordered.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes