### J. L. RUDY ET AL. v. THE STATE.

#### No. 4316. Decided December 27, 1916.

#### Rehearing denied February 14, 1917.

**1.—Scire Facias—Civil Suit—Practice on Appeal.**

Under article 497, Code of Criminal Procedure, it is provided that after the judgment nisi is rendered, the cause shall be docketed upon the civil docket, etc., and tried under the rules governing other civil actions, and where no briefs were filed in the court below, the appeal will be dismissed on motion of the State. Following Heiman v. State, 70 Texas Crim. Rep., 480, and other cases.

**2.—Same—On Motion for Rehearing—Briefs—Notice.**

Where, upon appeal from a judgment in a scire facias case on a forfeited bond, the attorneys for appellant did not within the time required by law file their briefs in the lower court, and have given no notice to counsel for the State in this court that they had filed a brief in this court the day before the case was submitted, and had not used proper diligence in the matter, the appeal must be dismissed. Following Conrad v. State, 9 Texas Crim. App., 674, and other cases.

Appeal from the County Court of Montague. Tried below before the Hon. Homer B. Latham.

Appeal from a judgment final on a judgment nisi against the principal and his sureties for the sum of $750 each.

The opinion states the case.

*Lattimore, Bouldin & Lattimore* and *Chancellor & Alcorn*, for appellant.

*C. C. McDonald*, Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is an appeal by appellant Rudy and his two sureties from a judgment against all of them on his forfeited bail bond.

The statute (art. 497, C. C. P.) expressly provides that after the judgment nisi is rendered, the cause shall be docketed upon the civil docket in the name of the State as plaintiff, and the principal and sureties as defendants; "and the proceedings had therein shall be governed by the same rules governing other civil actions."

The record shows that no briefs were filed in the court below at all and none in this until just the day before the case was submitted. The Assistant Attorney General's motion, therefore, to dismiss the appeal on this ground must be granted, as has all the time and many times been held by this court. See Heiman v. State, 70 Texas Crim. Rep., 480, 158 S. W. Rep., 276; Thetford v. State, 74 Texas Crim. Rep., 649, 169 S. W. Rep., 1153. Other cases are cited in both of these. The appeal is dismissed.

*Dismissed.*

ON REHEARING.

February 14, 1917.

PRENDERGAST, JUDGE.—This cause was tried in the court below, and judgment for the State against the appellants was rendered June 21, 1916. Their motion for new trial was overruled September 2, at which time they gave notice of appeal. They filed an appeal bond September 20. The official endorsement of the clerk below shows that the record was applied for by W. W. Cook, the attorney for appellant, October 21, and that it was prepared by the clerk and delivered to him October 24. It was filed in this court November 28. The clerk and his only deputy, who prepared the record, by their affidavits herein show that at no time did appellants file any brief in the lower court and that they had not so certified nor given notice of the filing thereof to any attorney representing the State. Said deputy clerk further swore that he prepared and delivered the record to Mr. Cook, one of appellants' attorneys, and then to Mr. Alcorn, another of their attorneys, who kept it in his possession for some time; that Mr. Alcorn then returned it to the clerk's office but did not at the time order it sent to the Court of Criminal Appeals, but that some few days later, Mr. Alcorn being in the clerk's office, the deputy clerk asked him what to do with it, and he told him to send it to the clerk of this court, which was done that day. Mr. Donald was county attorney of Montague County when this cause was tried, and represented the State in the trial. His term of office expired November 14. Mr. Hall succeeded him. Mr. Donald's affidavit herein shows that at no time had he waived the filing of briefs by appellants in the court below nor that they might be filed out of the statutory time in this court, and that he had never been notified by the clerk, or any other person, that briefs had been filed in said trial court. Mr. Hall, his successor, whose term began November 14, swore that at no time had he waived the filing of briefs in the lower court in said cause, nor had he agreed that they might be filed in the trial court or this court out of the statutory time, and that he had not been notified by the clerk, or any other person, that briefs in the case had been filed in the trial court. Mr. McDonald, while Assistant Attorney General, in this court filed a motion to dismiss the appeal because no briefs had been filed in the trial court nor in this court. No briefs were filed in the lower court at any time, and a brief was filed in this court just the day before the cause was submitted. Of course, none of the State's attorneys had any opportunity to brief the case; doubtless none of them knew that appellants' briefs had been filed in this court prior to the actual time of its submission.

One only of appellants' attorneys has filed any affidavit in this matter. In that it is stated that appellants' attorneys in the trial court were Chancellor and Alcorn, who lived at Bowie, fifteen miles from Montague, and the affiant, who lived at Fort Worth, seventy-five miles from Montague, and that he is informed and alleges that Mr. Cook, a

friend of the principal of the appellants, was assisting in the trial of said cause without pay. The affidavit further says that the statement of facts and bills of exceptions were filed in the lower court on September 22, without notice to him or Chancellor and Alcorn. (No notice to them or either of them was necessary. It was their duty to see to it.) That the affiant did not know at the time that the record was sent to this court, and upon information from his co-counsel that they did not know it. (In this he clearly must be in error, because of the positive affidavit of the deputy clerk as shown above, not denied by either Mr. Alcorn or Mr. Cook.) He further says that he is informed by his co-counsel that there has not been a brief filed, or required to be, by any of the attorneys in Montague County in the trial court in appealed cases within the memory of either of said resident counsel in Montague County, and it is the common and usual custom and understanding among all the lawyers that the filing of briefs in the lower court will never be, and never has been, insisted upon. (It is unnecessary for the attorneys to require this—the law requires it. None of the State's attorneys waived the filing but insisted upon it.) That when he learned the record had been sent to this court, a few days before its submission, he at once procured the record and with every possible dispatch then prepared and forwarded to the clerk a brief herein. He further states that it was admitted in open court in the presence of this court by the present county attorney of Montague County that if he had been requested to waive the filing of briefs in the lower court, he would probably have done so. Doubtless if he had been approached to make such waiver he would have then procured from appellants' attorneys a stipulation that they would file briefs or at least furnish him or the State's attorneys a copy thereof in ample time to have briefed this case before it was submitted.

The present Assistant Attorney General, in resisting the reinstatement of this appeal, over his official signature, states that he did not waive the filing of briefs in the lower court. The present Assistant Attorney General's official connection with this court and this cause commenced some days after this cause had been dismissed by this court.

We make no criticism of any of appellants' attorneys. The record and affidavits clearly show that one of appellants' attorneys, Mr. Cook, who lived in Montague, the county seat of Montague County, on October 21 applied for and ordered the transcript, and that it was prepared and delivered to him October 24, and he had it in his possession for some time, and that Mr. Alcorn then had it in his possession for some time before it was sent to this court, and that he, Mr. Alcorn, ordered the clerk below to send it to this court at the time he did send it. It seems to us that the fact that one of appellants' attorneys lived at Fort Worth, seventy-five miles from Montague, and two others of them lived at Bowie, fifteen miles from Montague, of itself would have made them more diligent to have complied with the plain provisions of the

law and filed their briefs in the lower court and had the State's attorney given notice thereof, than otherwise.

This court, as stated in the original opinion, has uniformly dismissed appeals when motions were made therefor because the appellants' attorneys in scire facias cases have not within the time required by law filed their briefs in the lower court. We have treated, and will continue to treat as long as the law is as it now is, all appellants alike. Besides, it is the law, and we should not, if we could, do otherwise. We cite only some of the cases. Conrad v. State, 9 Texas Crim. App., 674; Young v. State, id.; Duck v. State, id.; Tiner v. State, id.; Wilson v. State, id.; Jay v. State, 34 Texas Crim. Rep., 98; Lewis v. State, 38 S. W. Rep., 205; Sparks v. State, 47 S. W. Rep., 976; Mack v. State, 57 S. W. Rep., 811; Bringhurst v. State, 37 S. W. Rep., 757; Heiman v. State, 70 Texas Crim. Rep., 480; Thetford v. State, 74 Texas Crim. Rep., 649. See also the following cases from the Courts of Civil Appeals, which are in point: Knight v. Simons, 168 S. W. Rep., 1018; Goodhue v. Leckie, 176 S. W. Rep., 647; Railway Co. v. Cave, 173 S. W. Rep., 988; Pagach v. Bank, 166 S. W. Rep., 50; Anderson v. Ineeda, 167 S. W. Rep., 33; Bowden v. Patterson, 108 S. W. Rep., 177, citing a large number of other cases; Buick v. O'Keefe, 174 S. W. Rep., 969.

As we see it, the appellants really had no excuse, and have shown none, why the law was not complied with by filing briefs in the lower court within the proper time. The most that can be said is that it appears they all either overlooked the law or ignored it. Under the law and the decisions, we can not do otherwise than adhere to the original dismissal of this cause. Hence, the motion for rehearing is overruled.

*Overruled.*