### V. H. Thodberg v. The State.

No. 4430. Decided April 11, 1917.

Rehearing granted May 2, 1917.

**1.—Scire Facias—Appeal—Brief.**

Where the plaintiff in error failed to file a brief in the case in the court below, on an appeal from a forfeited bail bond, the appeal must be dismissed; however, it being shown that the filing of said brief was waived by the attorney for the State, the appeal is reinstated and disposed of on its merits.

**2.—Same—Sickness of Principal—Uncontrollable Circumstances.**

Where defendant had given a bail bond under a charge of unlawfully carrying a pistol, and failing to answer said bond was forfeited, but it appeared from

the record that defendant afterwards appeared and answered said charge, was convicted thereof, and thereupon filed his answer in the scire facias proceeding, showing that he was too ill at the time of the forfeiture to answer such criminal charge, and there was no controversy about this fact, the forfeiture should not have been made final under subdivision 3, article 500, Code Criminal Procedure, and the judgment is, therefore, reversed and the cause remanded.

Appeal from the County Court of Comanche. Tried below before the Hon. J. H. McMillan.

Appeal from a judgment nisi, forfeiting a bail bond in the sum of three hundred dollars.

The opinion states the case.

*Mark Callaway*, for appellant.—On question of filing brief and agreement of parties: Rudy v. State, 191 S. W. Rep., 698; Knight v. Simmons, 168 S. W. Rep., 1018; Crenshaw v. Hempell, 60 Texas Civ. App., 385, 130 S. W. Rep., 731; Rule 102.

*E. B. Hendricks*, Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This appeal is from a forfeited bail bond under scire facias proceedings. Motion is made by the Assistant Attorney General to dismiss the appeal because brief in the case was not filed in the court below. Under the recent case of Rudy v. State, 80 Texas Crim. Rep., 568, 191 S. W. Rep., 698, and authorities there cited, the motion is well taken. The appeal will be dismissed, and it is accordingly so ordered.

*Dismissed.*

PRENDERGAST, Judge, absent.

ON REHEARING.

May 2, 1917.

DAVIDSON, Presiding Judge.—This is an appeal from a scire facias final judgment. On a former day of the term the appeal was dismissed because the brief for appellant was not filed in the trial court. Motion is made to reinstate the case with a showing that the filing of the brief in that court was waived by the attorneys for the State. This is made apparent by the exhibits, affidavits and agreements as shown on the motion for reinstatement. In view of these matters the appeal will be reinstated and the case disposed of on its merits.

The record shows that appellant had given bond under a charge of unlawfully carrying a pistol. Subsequent to this the case was called and appellant failing to answer, his appearance bond was forfeited. The forfeiture was taken on October 4, 1915; the judgment nisi was entered. On January 3, 1916, appellant went to trial and was convicted for carrying a pistol. On January 4, 1916, his answer was filed in the scire facias proceeding. On October 2, 1916, the judgment final

was entered. His answer sets up several matters, among others, at the time of the forfeiture of the appearance bond he was sick in a hospital in the City of Fort Worth. About this there was no issue, and may be taken as a conceded fact. On his return to Comanche County he appeared before the court and his case was tried and a conviction resulted on the 3rd day of January succeeding the forfeiture in October. His answer sets up this sickness and the conviction. Under these circumstances we are of opinion that the forfeiture should not have been made final. This is so provided by statute, article 500, C. C. P., subdivision 3, which provides: "The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, unless such principal appear before final judgment on the recognizance or bail bond to answer the accusation against him, or show sufficient cause for not so appearing." He did appear and plead and was convicted on January 3, 1916, and the judgment final was entered in October, 1916, several months after the conviction. This statute has been frequently discussed and decided by the courts, and under such circumstances as are presented it has been held that the forfeiture should not have been made final. For collation of these authorities see Vernon's Annotated Criminal Statutes, at page 266, for quite a number of cases. We deem it unnecessary to insert them in this opinion.

Under those authorities and for the reasons stated the motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*