LESTER GRAMMER ET AL. v. THE STATE.

No. 6198.   Decided April 20, 1921.

**1.—Scire Facias—Bail Bond—Briefs—Civil Case.**

It has been held in a number of cases that an appeal in a forfeited bail bond case is in the nature of a civil appeal, and that briefs must be filed in the lower court by the appellants as well as in this court. Following Heiman v. State, 70 Texas Crim. Rep., 480, and other cases.

**2.—Same—Amicus Curiae—Query—Notice of Appeal.**

This court is in doubt as to the extent of the authority and power of an *amicus curiae* to give notice of appeal.

**3.—Same—Citation—Defective Return—Sureties—Judgment by Default.**

Where, upon trial of a forfeited bail bond, the return upon the citation to the sureties was as follows. "Came to hand on the twenty-third day of January, 1920, and executed on the 2nd day of February, 1920, by delivering to the within names', the same was wholly insufficient to support a judgment by default. Following Harryman v. State, 57 Texas Crim. Rep., 204, and other cases.

Appeal from the District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a judgment final in the sum of $750.

The opinion states the case.

*Baskin, Eastus & Greines,* for appellant.—Cited Saunders v. State, 217 S. W. Rep., 950; Harryman v. State, 122 id., 398; Couch v. State, 122 id., 24; Fulton v. State, 14 Texas Crim. App., 32.

*R. H. Hamilton,* Assistant Attorney General, for the State

LATTIMORE, JUDGE.—This is an appeal from a judgment final on a forfeited bail bond in the Criminal District Court of Tarrant County.

It appears from the record that one Lester Grammer was charged in the Criminal District Court of Tarrant County with the offense of theft of property of the value of more than $50, and that he executed his bail bond in the sum of $750 with a number of sureties, and that when said case was called for trial, because of the non-appearance of the defendant in said cause, a forfeiture of said bail bond was taken, and thereafter a citation was duly issued, which was returned by the sheriff showing service upon all of the sureties except one who had removed from the State, and upon a hearing of this cause a judgment final was entered against all of said sureties except the one who had not been served, as to whom the cause was dismissed. None of the sureties made answer, but at the time of the entry of final judgment Hon. A. J. Baskin, an attorney of Fort Worth, appeared and as *amicus curiae* gave notice of appeal to this court. Subsequently an appeal bond for costs only was entered into by the said sureties.

We are in doubt as to two propositions involved in this appeal. It has ben held in a number of cases that an appeal in a case of this character is in the nature of a civil appeal, and that briefs must be filed by the appellants in the lower court as well as in this court. Heiman v. State, 70 Texas Crim. Rep., 480; Thetford v. State, 74 Texas Crim. Rep., 649, 169 S. W. Rep., 1153. This does not appear to have been done in the instant case, and it has been held that the appeal should, therefore, be dismissed.

We are also in doubt as to the extent of the authority and power of an *amicus curiae* to give notice of appeal, which would hardly appear to be an act of friendship for the court rendering the judgment.

However, inasmuch as the judgment as rendered would be ineffective to support a levy of any character of process upon property of the defendant sureties, and because of the fact that a disposition of the case here would appear to be the most speedy and effective way of deciding the questions involved, we will proceed to render judgment.

The return upon the citation to the sureties appears to be as follows: "Came to hand on the 23rd day of January, 1920, and executed on the 2nd day of February, 1920, by delivering to the within names." Then follows the names of the sureties and the attestation of the sheriff by a deputy. The return is wholly insufficient to support a judgment by default. It is provided by Art. 492 of our C. C. P., that such citation shall be served and returned as in civil actions, and the question now before us has been substantially passed upon by this court in many cases. Harryman v. State, 57 Texas Crim. Rep., 204; Fulton v. State, 14 Texas Crim. App., 32; Middleton v. State, 11 Texas Crim. App., 255; Couch v. State, 57 Texas Crim. Rep., 134.

Because of the lack of a proper return upon said citation the judgment by default would not be warranted, and the judgment is set aside and the cause is reversed and remanded.

*Reversed and remanded.*