CHARLES WHITE v. THE STATE.

No. 8887.   Delivered April 15, 1925.

Rehearing Granted October 14, 1925.

1.—Forfeiture of Bail Bond—Appeal Dismissed.

The state moves to dismiss this appeal, which is from a final judgment upon a forfeiture of a bail bond from the County Court at Law of Tarrant County, because of appellant's failure to file briefs in the trial court, and in this court, as required by law in civil cases.   We think the motion should be sustained, and the appeal is dismissed.   Following Rudy v. State, 191 S. W. 698 and Thodberg v. State, 194 S. W. 1108.

ON REHEARING.

2.—Same—Appeal Reinstated.

This case was dismissed at a former term for failure of appellant to file briefs in the trial court, and in this court.   Upon a proper showing made that briefs were in fact filed, the judgment of dismissal is set aside, and the case will now be considered on its merits.

3.—Same—Final Judgment—Held Improper.

Where in answer to scire facias on a forfeiture of a recognizance, the sureties file their answer embracing a general denial, upon the trial, a final judgment cannot be had, unless the state introduces the recognizance or bail bond in evidence.   The state must meet the answer denying, by producing the bond in evidence, just as the plaintiff is required to produce his promissory note in evidence where a general denial is pleaded to an action upon it.   Following Houston et al. v. State, 16 Tex. App. 265, and other cases cited.

Appeal from the County Court at Law, for Tarrant County.   Tried below before the Hon. P. W. Seward, Judge.

Appeal from a final judgment upon a forfeiture of bail.

The opinion states the case.

*Mays & Mays,* for appellant.

*Robert K. Hanger,* District Attorney, *Robert Young, Jr.,* Assistant District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—This is an appeal from a final judgment upon a forfeiture of bail, from the County Court at Law of Tarrant County.

The State's Attorney with this court has filed a motion in this case to dismiss same on account of the failure upon the part of appellants to file briefs in the trial court and in this court, as required by law in civil cases.

In forfeited bail cases, with reference to preparing and appealing such cases, the law pertaining to civil matters prevails. The record in this case fails to show any filing of briefs in the lower court or in this court, and we are of the opinion that the motion is well taken. This court in the cases of Rudy v. State, 191 S. W., 698, and Thodberg v. State, 194 S. W., 1108, held that failure to file briefs was grounds for dismissal.

The State's motion is therefore granted and this appeal dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REHEARING.

BAKER, JUDGE.—This case was dismissed at last term of this court on account of the record failing to show appellants filed briefs in the trial court and in this court as required by law and upon proper showing'made of such filing, the judgment of dismissal is set aside and the case will now be considered upon its merits. As shown in the opinion of dismissal.

This is an appeal from a final judgment upon a forfeiture of a recognizance. The record discloses that in answer to scire facias, the sureties, appellants, filed their answer embracing a general denial, and upon the trial for final judgment the State offered in evidence the scire facias and judgment nisi and rested the case without further evidence whereupon the court entered final judgment for the sum of $500 against the principal and sureties in the recognizance and from which said appellants appealed and insist without the introduction of said recognizance the evidence is wholly insufficient to support the final judgment. We are of the opinion that the contention of appellants is correct and the law requires the introduction of said recognizance in such cases. In Hester v. State, 15 Tex. App. 567, the court stated: "The State must meet this denial by producing the bond in evidence just as the plaintiff is required to produce his promissory note where a general denial is pleaded to an action upon it." Citing Houston, et al. v. State, 13 Tex. App. 560; Marlin, et al. v. State, 16 Tex. App. 265, it is stated it was necessary to show the recognizance and judgment nisi to entitle the State to a judgment. Baker, et al, v. State, 20 Tex. App., 259, Judge Hurt in a forfeiture case states, "Appellants pleaded a general denial. This imposed upon the State the necessity of introducing in evidence the bond, it being the very foundation of the suit."

The appellant cites us to the case of General Bonding and Casualty Insurance Company v. State, 165 S. W., 615, which we think is in

point and which holds that it is necessary to introduce the bond in question in evidence. The failure of the State to introduce in evidence the recognizance requires a reversal of this case. For the error above discussed we are of the opinion that the judgment of the trial court should be reversed and it is accordingly so ordered.

*Reversed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.