CHAS. M. WALKER ET AL. v. THE STATE.

No. 8980.   Delivered May 13, 1925.

**Forfeiture of Bond—Filing of Brief—Practice.**

Where on appeal from a final judgment on a forfeiture of a bail bond, no brief is filed in the trial court, nor within the time prescribed in this court, the appeal will be dismissed.   Art. 497, C. C. P; Art. 2115, Rev. Civ. Stats., Rule 38 Court of Civil Appeals, Rule 102 for district and county Courts, Following Mack v. State, 37 S. W. 811 and other cases cited.

Appeal from the District Court of Navarro County.   Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a final judgment upon forfeiture of a bail bond.

The opinion states the case.

*G. L. Perkinson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—This is an appeal from a final judgment upon forfeiture of a bail bond.

The case was submitted on the 22nd day of April.   No briefs for appellants were filed in this court until April 20th, and the record fails to show that any has ever been filed in the trial court. Our State's Attorney has filed a motion to dismiss the appeal for failure to file briefs as required in civil cases.

It has frequently and consistently been held in cases such as this that appeals will be dismissed unless briefs have been filed in the court below and in this court in compliance with the law and the rules governing civil cases.   Art. 497, Code Cr. Proc.; Art. 2115 Rev. Civ. St.; Rules 38 Court Civ. App.; Rule 102 for District and County Court; Mack v. State, 57 S. W. 811; Rudy v. State, 80 Texas Crim. Rep. 568, 191 S. W. 698; Heiman v. State, 70 Texas

Crim. Rep. 480, —— S. W. ——; Thetford v. State, 74 Texas Crim. Rep. 649, —— S. W. ——. Many earlier cases are referred to in those cited. The latest case upon the same point is Wimberly v. State, (No. 8636, Opinion April 16, 1925.)

The appeal is dismissed.

*Dismissed.*