**Robert SHERRILL et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36573.**

Court of Criminal Appeals of Texas.

Feb. 26, 1964.

Don Gladden, Dan W. Lane, Fort Worth, for appellants.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is an appeal from a judgment forfeiting an appearance bond in the sum of $500.

Judgment nisi was entered in County Court at Law No. 2 of Lubbock County on July 29, 1963. Citation having been issued and served upon the Surety Don Gladden, final judgment was rendered on September 24, 1963, reciting that the State had "introduced the necessary and proper evidence to show cause for forfeiture of said appearance bond."

The Surety, Don Gladden filed notice of appeal on October 15, 1963, and appeal bond was approved and filed.

The sole point of error presented by the appellant in his brief is the contention that the County Court at Law No. 2 of Lubbock County was without jurisdiction to forfeit the bail bond because it was conditioned upon the principal's appearance before the Honorable *County Court No. 1* of Lubbock County, a non-existent court.

We observe that the appellant has apparently overlooked the fact that since the creation of the first County Court at Law for Lubbock County the County Court has not had jurisdiction of criminal cases.

No statement of facts has been filed.

The transcript was filed in this Court on November 18, 1963. Appellant's brief was not filed until February 12, 1964.

Art. 866, C.C.P. provides that in appeals from bond forfeitures the proceedings shall be regulated by the same rules that govern civil actions where an appeal is taken.

Texas Rule of Civil Procedure No. 414 relates to Briefs, one of the requirements being that the appellant shall file three copies of his brief in the Court of Civil Appeals within 30 days after the filing of the transcript and statement of facts, if any. This statute has not been complied with.

An appeal from a judgment for the state in a suit on a forfeited bail bond will be dismissed where briefs have not been filed in the trial court and in the Court of Criminal Appeals in compliance with the rules governing civil cases. Heiman v. State, 70 Tex.Cr.R. 480, 158 S.W. 276; Hebert v. State, Tex.Cr.App., 255 S.W.2d 201.

The appeal is dismissed.