**A.L. HERNDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–93–00161–CV & 04–93–00162–CV.**

Court of Appeals of Texas, San Antonio.

Sept. 30, 1993.

Barry P. Hitchings, Hitchings, Pollock & Bernard, San Antonio, for appellant.

Clay N. Martin, Asst. Criminal Dist. Atty., Civil Section, San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and PEEPLES, JJ.

## OPINION

BUTTS, Justice.

A.L. Hernden appeals from two final judgments against him as surety on two bonds following bond forfeiture proceedings.[1] Hernden raises six points of error, complaining that (1) there was no evidence and insufficient evidence to support the final judgments; (2) a fatal variance exists between the indictments and the bonds; and (3) the court that forfeited the bonds did not have jurisdiction. We reverse and remand.

Hernden, Surety, and Maltos, Principal, executed two $30,000 bonds on July 10, 1990 for two charges of delivery of heroin under 28 grams. When Maltos failed to appear at his trial on March 4, 1991, a judge sitting in the 150th District Court declared a bond forfeiture in each case. On March 18, 1991, a second judge presiding for the same trial court signed a judgment nisi in each case. Following a January 8, 1993 hearing, a third judge, presiding in a different trial court than the first one, granted final judgment against Hernden and Maltos, jointly and severally, for $30,000 in each case.

At the bond forfeiture hearing, the State failed to formally introduce the judgments nisi and the bonds into evidence. Further, the State did not formally request that the court take judicial notice of the judgments nisi or the bonds. However, the prosecutor did discuss the judgments nisi with the trial court.

■ In points of error one through three, Hernden challenges the sufficiency of the evidence to support the final judgments of bond forfeiture. When challenging the legal sufficiency of the evidence supporting an issue upon which it did not have the burden of proof, an appellant must demonstrate that there is no evidence to support the adverse finding. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981); *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.,* 766 S.W.2d 264, 275–76 (Tex.App.—Amarillo 1988, writ denied). In points of error one through three, Hernden contends that there was no evidence to support the final judgments because the State did not (1) introduce either the bonds or the judgments nisi into evidence, or (2) request the trial court to take judicial notice of the bonds or the judgments nisi. Hernden further contends that judicial notice of a bond is not sufficient to support a final judgment based on a bond forfeiture.[2]

The State responds that the evidence was sufficient to support the final judgments because the trial court took judicial notice of the bonds and judgments nisi without being requested to do so and without announcing that it had done so. It is contended that the trial court was able to take judicial notice because (1) the prosecutor brought the judgments nisi to the court's attention and (2) the bonds and the judgments nisi were in the court's criminal records which were before the court. The State argues that judicial notice of the judgments nisi is not necessary because they are the pleadings on which these actions are based. The State reasons that the criminal file jacket together with the testimony of the surety offered by appellant further establishes both the bonds and the judgments nisi. Also, the State relies on the findings of fact to establish the essential elements of bond forfeiture.

---

1. Appeal 93–161–CV arises from civil case 91–SF–62 (which arose from criminal case 90–CR–3881), and appeal 93–162–CV arises from civil case 91–SF–63 (which arose from criminal case 90–CR–3880).

2. We note that error has been properly assigned in this case. *See* TEX.R.APP.P. 52(d). *See also Westech Eng'g Inc. v. Clearwater Constructors, Inc., a Div. of Phelps, Inc.,* 835 S.W.2d 190, 197 (Tex.App.—Austin 1992, no writ).

The proceedings relating to bond forfeitures are entirely statutory and the courts have strictly construed the statutes governing them. *Blue v. State*, 170 Tex. Crim. 449, 341 S.W.2d 917, 919 (1960) (on denial of rehearing); *Hubbard v. State*, 814 S.W.2d 402, 403 (Tex.App.—Waco 1991, no pet). The State has the burden of proof in bail bond forfeiture cases. *See Deckard v. State*, 615 S.W.2d 717, 718 (Tex.Crim.App. [Panel Op.] 1981); *Deckard v. State*, 605 S.W.2d 918, 921 (Tex.Crim.App. [Panel Op.] 1980). The essential elements of the State's cause of action in a bond forfeiture proceeding are the judgment nisi and the bond. *Deckard v. State*, 615 S.W.2d at 718; *Tocher v. State*, 517 S.W.2d 299, 301 (Tex.Crim.App. 1975).

It has long been held that for the State to be entitled to final judgment in a bond forfeiture matter, it must prove the cause of action by introducing into evidence "first, the bond; second, the judgment nisi declaring its forfeiture." *Moreland v. State*, 122 Tex.Crim. 452, 55 S.W.2d 1044, 1046 (1932), *overruled in part*, 545 S.W.2d 463 (Tex.Crim.App.1977). Although the Texas Court of Criminal Appeals, in *Hokr v. State*, 545 S.W.2d 463 (Tex.Crim.App.1977), relaxed this procedure and held that a trial court may take judicial notice of a judgment nisi in a bond forfeiture proceeding, there has been no such similar holding for bonds. Further, it is clear in the present case that the trial court did not offer to take judicial notice of the two bonds. The State, therefore, *inter alia*, has the burden of introducing the bond into evidence to be entitled to final judgment in a bond forfeiture matter. *Orr v. State*, 139 Tex.Crim. 436, 141 S.W.2d 597 (1940); *White v. State*, 101 Tex.Crim. 505, 276 S.W. 274 (1925) (on rehearing), *overruled on other grounds*, 545 S.W.2d 463 (Tex.Crim.App. 1977).

Accordingly, because the State failed to offer the bonds into evidence, it failed to satisfy its burden in the instant cases and the judgments must be reversed. Points of error one through three are sustained. Be-

cause of our disposition of these points, we need not address the remaining points of error.[3]

The final judgments are reversed and the causes are remanded to the trial court for further proceedings.

---

**3.** We do not address the question whether the bonds forfeiture court (187th District Court) could take judicial notice of the judgments nisi

absent a transfer order from the judgments nisi court (150th District Court).