**BOB SMITH BAIL BONDS, SURETY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 2–97–244–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 15, 1998.

Thomas S. Morgan, Midland, for Appellant.

R. Kelton Conner, County Attorney, Granbury, for Appellee.

Before LIVINGSTON, RICHARDS and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

Appellant Bob Smith Bail Bonds allegedly executed a bail bond as surety for principal Johnny Dale Lucas. Lucas failed to appear and the trial court entered judgment nisi on February 11, 1997. On June 26, 1997, the trial court entered final judgment against appellant for $2500 plus court costs. Appellant raises two points challenging the propriety of the trial court's final judgment.

■ The State's proof in a bond forfeiture proceeding consists of the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. *See Alvarez v. State,* 861 S.W.2d 878, 887 (Tex.Crim.App. 1993) (op. on reh'g). Appellant argues that the State did not meet its burden of proof because it failed to introduce into evidence (1) the judgment nisi or (2) the bail bond.

### THE JUDGMENT NISI

■ The State is not required to introduce the judgment nisi into evidence.[1] The cases upon which appellant relies, *Fears v. State,* 500 S.W.2d 815 (Tex.Crim.App.1973), *Smith v. State,* 542 S.W.2d 150 (Tex.Crim.App. 1976), and *Morgan v. State,* 157 Tex.Crim. 117, 247 S.W.2d 94 (1952), have all been overruled by the court of criminal appeals. *See Hokr v. State,* 545 S.W.2d 463, 466 (Tex. Crim.App.1977). In *Hokr,* the court held that the judgment nisi need not be introduced into evidence to support final judg-

1. The literal meaning of "judgment nisi" is "judgment unless." It refers to the judgment that will stand unless the "party affected by it shall appear and show cause against it...." *See* BLACK'S LAW DICTIONARY 944 (5th ed.1979).

ment. Instead, the court held that the trial court may take judicial notice of the judgment nisi. *See id.*

The State nevertheless confesses error on appellant's point one, asserting that there is no evidence in the record that the trial court took judicial notice of the judgment nisi. We disagree. The reporter's record reveals that the trial court acknowledged the judgment nisi during the forfeiture hearing: "I understand that judgment was entered on February the 11th and records indicate that Mr. Lucas has yet failed to appear; is that correct?" The judgment nisi appears in the record, dated February 11, 1997. Moreover, it is signed by the same judge that presided over the forfeiture hearing. A trial court may take judicial notice of its own file at any stage of proceedings and is presumed to have done so with or without a request from a party. *See Attorney Gen. of Tex. v. Duncan,* 929 S.W.2d 567, 571 (Tex.App.—Fort Worth 1996, no writ). Accordingly, we hold that the trial court had judicial notice of the judgment nisi, and that it was not necessary for the State to introduce it into evidence to support final judgment. Point one is overruled.

### THE BOND

In his second point, appellant contends that the trial court erred by entering final judgment because the State failed to introduce the bond into evidence. Appellant argues that it is basic Texas law that no final judgment may be entered unless the bond is offered and received into evidence. For his proposition, appellant cites *General Bonding & Cas. Ins. Co. v. State,* 73 Tex.Crim. 649, 165 S.W. 615 (1913) and *Heiman v. State,* 70 Tex.Crim. 480, 158 S.W. 276 (1913). Appellant further contends that those cases stand for the proposition that a failure to admit the bond into evidence requires that the judgment be reversed and the State take nothing. Appellant misreads *General Bonding* and *Heiman.* While both cases held that the bond must be introduced into evidence, the bond in each of those cases *was* introduced into evidence. Thus, those courts never reached the issue of what happens when the

State fails to introduce the bond into evidence.

A case more on point is *Orr v. State,* 139 Tex.Crim. 436, 141 S.W.2d 597 (1940). In that case, the State failed to introduce the bond into evidence, nor did the bond appear in the record. *Id.* 141 S.W.2d at 597–98. The court noted that, in a bond forfeiture hearing, the State must offer the bond into evidence to be entitled to judgment. *Id.* at 598. The court held that, because the State failed to introduce the bond, the "judgment [was] not supported by the evidence." *Id.; see also Tocher v. State,* 517 S.W.2d 299, 301 (Tex.Crim.App.1975) (holding that the bond is an essential element to the State's case in a bond forfeiture proceeding). That is exactly the situation we have before us in this case.

The State is required, under *Orr,* to offer the bond into evidence in order to be successful on a bond forfeiture claim. Without the bond, the State cannot meet its burden of proof. In the present case, the State failed to offer the bond into evidence. In fact, the State confesses error on this point. We conclude that the final judgment is not supported by the evidence. Accordingly, we reverse the trial court's judgment and render a verdict that the State take nothing.