Opinion issued March 9, 2006 



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00357-CV
__________
 
FELIX MICHAEL KUBOSH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 971453-A
 

 
 
MEMORANDUM OPINION
          Appellant, Felix Michael Kubosh, the surety on a bail bond executed for
Mufautau Olajide Fadahunsi, challenges the trial court’s final judgment entered in
favor of the State in a bond forfeiture proceeding.


 In his sole point of error, Kubosh
contends that the trial court erred in entering a judgment in favor of the State because
the evidence was insufficient. We affirm. 
Factual and Procedural Background
          A Harris County Grand Jury issued a true bill of indictment, accusing Mufautau
of the felony offense of money laundering. To secure his release pending disposition
of the case, Mufautau executed a $100,000 bail bond, with Kubosh being the surety
and Mufautau’s wife, Monsurat, being the co-surety. After Mufautau failed to appear
in court, the trial court entered a “judgment of forfeiture (judgment nisi),” declaring
the bond forfeited and ordering that the State recover from Mufautau, as principal on
the bond, and Kubosh and Monsurat, as sureties on the bond, the sum of $100,000. 
          The judgment nisi further ordered that citation issue to the sureties and “show
cause why [the] judgment of forfeiture should not be made final.” Kubosh filed a
general denial and affirmatively pleaded the defense of equitable remittitur. Prior to
trial, Kubosh filed a motion for continuance, stating that he had expended a
significant amount of time and resources in searching for Mufautau. Kubosh
requested a 90-day reset of the trial because he was “close to apprehending
Mufautau.” The trial court granted Kubosh’s motion for continuance, and reset the
trial. Kubosh also filed a motion for remittitur, requesting that the trial court “remit
to the surety one-half ($50,000) of the bond on this case.” In both the motion for
continuance and motion for remittitur, Kubosh identified himself as the “surety” on
the bond and attached an exhibit that stated that “[Kubosh Bail Bonding] staff went
to the jail to visit [Mufautau] to get him to sign paperwork and talk to him about his
case,” that “$100,000 bond was posted for [Mufautau],” and that “[Kubosh Bail
Bonding] collected $5,500 down as payment towards the bond fee of $9,500 total.”
          At trial, the State asked the trial court to take judicial notice of the bond and the
judgment nisi. The State then rested “as to [the] evidence.” The trial court stated that
it would “take notice of both the bond and the judgment as they are part of the Court’s
file.”


 Kubosh then stated
          As far as the bond is concerned, while, obviously, I have no
objection to the Court taking judicial notice for—of documents filed in
their own file, I do object to the bond being admitted into evidence for
this case; and furthermore, I would object to the bond as it is replete
with hearsay. And everything that is in here, while the Court may take
judicial notice that the bond has been filed and it’s part of the Court’s
file, I object to the Court admitting into evidence any of the stuff that’s
on the bond as being true and correct.
 
          And furthermore, I would object to the bond. It’s signed and
dated on “1-5-0420”; and I would object to the bond as not being a
viable bond because of the mistyped date under Signed and Dated right
above [Mufautau’s] signature. 
 
          Those are my objections, Your Honor. 
 
          The trial court then called Kubosh to the bench and asked him to specifically
point to the portion of the bond containing the objectionable information. After
additional discussion concerning Kubosh’s objections, the trial court then stated 
          The Court is going to take absolute notice that you made a bond
in the case or we wouldn’t be here today. . . . You made this bond on
January 5th of 2004; and the Court is absolutely aware of that. The
Court is the one that called the docket on the day he didn’t appear, and
the Court is aware that he didn’t answer. So, the Court is going to
absolutely take judicial knowledge of that; and the record is going to
reflect that.
 
          The trial court then asked Kubosh if there was anything else, and Kubosh
stated, “that’s the extent of my objection.” At the conclusion of the trial, the trial
court denied Kubosh’s motion for remittitur and granted the State’s motion for
judgment in the amount of $100,000. The trial court subsequently entered a final
judgment of forfeiture stating that “after considering the pleadings and evidence
herein, including the bail bond and the Judgment of Forfeiture on file in this cause,”
it found that no sufficient cause was shown for Mufautau’s failure to appear.
 
Discussion
          In his sole issue, Kubosh argues that there is insufficient evidence to support
the judgment because the State “never introduced the bond into evidence.” The State
responds that the trial court did not err in taking judicial notice of the bond because
appellant did not plead any affirmative defenses and did not show any reason why a
criminal bail bond should be treated differently than any other court record.
          In a bail bond forfeiture, the State has the burden of proof. Deckard v. State,
605 S.W.2d 918, 921 (Tex. Crim. App. 1980). “The essential elements of the State’s
cause of action in a bond forfeiture proceeding are the bond and the judicial
declaration of the forfeiture of the bond, which is the judgment nisi.” Alvarez v.
State, 861 S.W.2d 878, 880–81 (Tex. Crim. App. 1993). While the State is generally
required to present and offer both the bond and judgment nisi into evidence, the Court
of Criminal Appeals has held that a trial court may take judicial notice of the
judgment nisi. Hokr v. State, 545 S.W.2d 463, 466 (Tex. Crim. App. 1977).
          Here, the record reflects that, upon the State’s request, the trial court took
judicial notice of both the judgment nisi and the bond. While Kubosh had “no
objection to the Court taking judicial notice . . . of documents filed in [its] own file,”
he did assert various objections, including hearsay and an error in one of the dates on
the bond. Thus, Kubosh did not specifically object to the trial court taking judicial
notice of the bond itself, but instead made objections concerning the contents of the
bond. The trial court considered those objections and overruled them. By conceding
that the trial court could take judicial notice of its records, including the bond,
Kubosh waived any complaint in that regard. Tex. R. App. P. 33.1. Furthermore,
Kubosh does not contend on appeal that the trial court erred in overruling his specific
objections concerning the alleged hearsay and clerical errors in the bond. Thus, we
do not review the trial court’s rulings on those objections.
          Appellant cites Bob Smith Bail Bonds v. State, 963 S.W.2d 555, 556 (Tex.
App.—Fort Worth 1998, no pet.), and Hernden v. State, 865 S.W.2d 521, 523 (Tex.
App.—San Antonio 1993, no pet.), in support of his argument that there was
insufficient evidence to support the trial court’s judgment. Both of these cases are
substantively distinguishable. In Bob Smith Bail Bonds, it does not appear that a copy
of the bond appeared independently in the record and there is no indication that the
trial court took judicial notice of the bond and considered the bond as evidence in
rendering its judgment. 963 S.W.2d at 556. Similarly, in Hernden, the court
specifically noted that the State did not ask, and the trial court did not offer, to take
judicial notice of the bond. 865 S.W.2d at 522–23. 
          Here, not only did a copy of the bond appear independently in the record, but
the State asked, and the trial court agreed to, take judicial notice of the bond. 
Furthermore, Kubosh agreed that the trial court could take judicial notice that the
bond had been filed and was contained in the court’s file. Accordingly, we hold that
there is sufficient evidence to support the trial court’s judgment.
 We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.