**Robert Edward BAUMERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 395–85.**

Court of Criminal Appeals of Texas, En Banc.

May 7, 1986.

Janet Seymour Morrow (on appeal only), Jim Jard, (court appointed on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and J. Harvey Hudson and Elaine Bratton, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant entered a plea of guilty before the court to the offense of theft over $10,000 under V.T.C.A., Penal Code, § 31.03. The court assessed punishment at eight years' incarceration in the Texas Department of Corrections.

The Houston Court of Appeals [14th Dist.], in an unpublished opinion, affirmed appellant's conviction holding, inter alia, that the time periods after arrest but prior to trial, during which appellant's case was continued by virtue of agreed reset forms was excludable under the Speedy Trial Act, Art. 32A.01, V.A.C.C.P. *Baumert v. State,* No. B14–83–365–CR (Tex.App.—Houston [14th Dist.] delivered February 14, 1985). We granted appellant's petition for discretionary review in order to examine whether such agreed reset forms constitute excludable time under Art. 32A.02, § 4(3), V.A.C.C.P.

Appellant was arrested on November 8, 1982. The State announced ready on March 28, 1983, 129 days after appellant's arrest and outside the 120 day time limit allowed by Art. 32A.02, § 1, (1), V.A.C.C.P. The State did not announce that it had been ready any time prior to March 28. Thus, the State had the burden to show that sufficient time was excludable under Art. 32A.02, V.A.C.C.P., so as to meet the 120 day limit. *Lloyd v. State,* 665 S.W.2d 472 (Tex.Cr.App.1984).

The record reflects that appellant's case was continued from January 4, 1983, until March 28, 1983, pursuant to agreed resets. The agreed reset forms are included in the record of appellant's cause and are signed by appellant, his attorney, the prosecuting attorney and the judge presiding over the 209th District Court in Harris County. In the instant case the time period encompassed by the agreed reset forms is 83 days.

The time period represented by continuances under agreed reset forms has recently been held excludable under Art. 32A.02, V.A.C.C.P. *Robinson v. State,* 707 S.W.2d 47 (Tex.Cr.App.1986). When the 83 days set forth in the reset forms are excluded the State is easily within the 120 days limit required by Art. 32A.02, § 1, (1), V.A.C.C.P.

Appellant argues that the State did not meet its burden of showing excludable time because the reset forms were not introduced into evidence in the trial court. It is well settled that a trial court can take judicial notice of its own orders, records, and judgments rendered in cases involving the same parties. *Wilson v. State,* 677 S.W.2d 518 (Tex.Cr.App.1984). In the instant case the agreed reset forms were not only part of the trial court record, they were signed by all the parties involved. This Court has frequently allowed such judicial notice with respect to court orders on conditions of probation denying revocation hearings where the conditions were not introduced into evidence. *Holloway v. State,* 666 S.W.2d 104 (Tex.Cr.App.1984); *Fleming v. State,* 502 S.W.2d 822 (Tex.Cr.App.1974); *Mason v. State,* 495 S.W.2d 248 (Tex.Cr.App.1973). The reset forms in the instant case are analogous.

Accordingly, the judgment of the Court of Appeals is affirmed.