**Dale Allen POSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–91–178–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 5, 1992.

Discretionary Review Refused
May 6, 1992.

David L. Richards, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Steven W. Conder, and Suzanne Emerson, Assts., Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

OPINION

FARRIS, Justice.

Poston appeals an order revoking his probation because he failed to report to his probation officer. His one complaint on appeal is that there was insufficient evidence he was required to report to the probation officer because an order amending the original conditions of his probation said nothing about his obligation to report, but only set out the amount of his monthly probation fee. Poston argues that the amended order replaced rather than supplemented the original order; therefore, he

was under no obligation to report. The order is entitled "ORDER AMENDING CONDITIONS OF PROBATION," and it is a printed form, intended to increase the probation fee in all cases on the court's docket in which a defendant received a probated sentence. The form does not refer to any of the other statutorily mandated conditions of probation. Poston concedes he has no authority for his argument but contends the situation is analogous to the amendment of civil pleadings where the amendment to pleading is substituted for the original which is then no longer a live pleading. *See* TEX.R.CIV.P. 65.

The order includes Poston's acknowledgment that he had received a copy of it and that he understood it modified the earlier order by increasing the amount of probationary fee he was required to pay to $40.00. The acknowledgment identified the paragraph of the original order which was modified and stated the effective date of the modification. Poston does not contend that entry of the modified order led him to believe he was no longer required to report. We are not presented with even a suggestion of harm caused by entry of an order modifying only some probation conditions.

We overrule Poston's point of error and affirm the trial court's judgment.