Olin Junior THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–89–00652–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 20, 1992.

Michael B. Charlton, Houston, for appellant.

Jerome Aldrich, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION ON REMAND

JUNELL, Justice.

Appellant was convicted by a jury of carrying a deadly weapon in a penal institution. The jury assessed punishment, enhanced by two prior convictions, at imprisonment for life. The conviction was reversed and appellant was ordered acquitted by a majority of this court on November 15, 1990. The Texas Court of Criminal

Appeals granted the State's petition for discretionary review. Upon review, the court of criminal appeals remanded the case to this court for reconsideration of appellant's second point of error and for the consideration of appellant's points of error not previously addressed by this court.

On May 13, 1988, appellant was the subject of a random cell search conducted by the guards at the Darrington Unit, Texas Department of Criminal Justice. Appellant was told to remove his clothing for the "strip search." Appellant removed his clothing except for one of his shoes. Appellant refused to give the shoe to the guards. Appellant was informed by the guards that if he failed to surrender the shoe as requested, a "use of force" measure would be used to gain possession of the shoe. At that point appellant took an object out of his shoe and tossed the object onto the bottom bunk of the cell. Appellant then handed the shoe to one of the guards. One of the guards ordered appellant to hand over the object which had been tossed onto the bunk. Appellant turned the object over to the guard and the guard observed that the object was a homemade stabbing device known as a "shank." Appellant was indicted and convicted under TEX.PENAL CODE ANN. § 46.11(a) for carrying a deadly weapon in a penal institution.

In our original opinion we held the evidence was insufficient to sustain appellant's conviction because there was no evidence that the shank was displayed or used in a manner showing an intent to cause death or serious bodily injury. *Thomas v. State*, 801 S.W.2d 540, 542 (Tex.App.—Houston [14th Dist.]), *rev'd*, 821 S.W.2d 616 (Tex.Crim.App.1991); *See* TEX.PENAL CODE ANN. § 1.07(a)(11)(B). Thus, we sustained appellant's second point of error. We reasoned that since a knife is not a deadly weapon per se, the State was required to prove that the shank was displayed or used in a manner showing an intent to cause death or serious bodily injury. *Thomas v. State*, 801 S.W.2d 540, 542 (Tex.App.—Houston [14th Dist.]), *rev'd*, 821 S.W.2d 616 (Tex.Crim.App.1991). The court of criminal appeals reversed our deci-

sion and remanded the cause for a determination of whether the evidence was sufficient to support a rational finding of fact by the jury that the object in question was "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." *Thomas v. State*, 821 S.W.2d 616 (Tex.Crim.App.1991); *See* TEX.PENAL CODE ANN. § 1.07(a)(11)(A). The court of criminal appeals held that a knife qualifies as a deadly weapon whenever it is "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." *Thomas v. State*, 821 S.W.2d 616 (Tex.Crim.App.1991). The court went on to hold that the State is not required to prove that the shank was actually used or intended to be used if the State proves the shank was a deadly weapon by design. *Id.* We must now review the evidence under the standard of review set out in *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1970), to determine whether the evidence was sufficient to prove the shank was deadly by design.

■ At trial the State presented, as witnesses, the two guards who discovered the shank during the search. Both testified that they had seen homemade stabbing devices, i.e. shanks, used to cause death and serious bodily injury. Officer Alsbrooks testified that he had seen approximately two dozen shank stabbings at the prison, and approximately three to four deaths result from such stabbings. The officer then went on to testify that a shank is an object manifestly designed or adapted for the purpose of inflicting death or serious bodily injury. Further, Officer Alsbrooks testified how ordinary objects are designed and adapted to create shanks which are used to cause serious bodily injury and death. Officer James then testified that the shank was a deadly weapon after the prosecutor read the definition of a deadly weapon under TEX.PENAL CODE ANN. § 1.07(a)(11)(A). Viewing the evidence in the light most favorable to the verdict, we find the evidence was sufficient for the jury to have found that the shank was manifestly designed, made or adapted to cause serious bodily

injury or death. Appellant's second point of error is overruled.

In his first point of error appellant alleges the trial court erred in failing to grant appellant's motion to quash.

Before trial appellant filed a motion to quash the indictment. In this motion appellant argued the indictment should be quashed because the proof that would demonstrate he was confined in a penal institution, one of the elements of the offense under TEX.PENAL CODE ANN. § 46.11(a), also proved one of the enhancement allegations.

■ In *Wisdom v. State*, 708 S.W.2d 840, 845 (Tex.Crim.App.1986), the Court of Criminal Appeals held that the "use of a prior conviction to prove an essential element of an offense bars the subsequent use of that prior conviction in the same indictment for enhancement purposes." While we agree this is a correct statement of the law, it is inapplicable in this case. A review of *Wisdom* and the other cases cited by the appellant shows that to bar the use of a conviction in an enhancement paragraph, the conviction must have been alleged in the indictment to prove an essential element of the crime charged. *See McWilliams v. State*, 782 S.W.2d 871, 874 (Tex.Crim.App.1990); *Wisdom v. State*, 708 S.W.2d 840, 845 (Tex.Crim.App.1986). The indictment in this case shows that no prior conviction was alleged in the charging portion of the indictment. The charging portion of the indictment states:

> ... that Olin Junior Thomas hereinafter styled Defendant, on or about the 13th day of May A.D. 1988, and before the presentment of this indictment, in the County and State aforesaid, did then and there unlawfully commit an offense here-after styled the primary offense, in that said defendant did while confined in a penal institution, intentionally and knowingly carry on or about his person a deadly weapon, to wit: a knife-like instrument called a shank.

Thus, it is clear the indictment does not allege a prior conviction; it merely states that appellant was confined in a penal institution. The indictment does not state or allege the offense for which appellant was confined and therefore, the prior conviction was properly used for enhancement purposes. Appellant's first point of error is overruled.

In his third point of error appellant again alleges the trial court erred in denying his motion to quash the indictment. In this point appellant contends the indictment did not give him sufficient notice of the charges pending against him because the indictment failed to allege the precise manner and means by which the shank was to be used or was intended to be used.

■ Appellant's argument fails because of the court of criminal appeal's decision in this case concerning deadly weapons. As discussed in appellant's second point of error, the State is not required to show that an object was used or intended to be used to cause serious bodily injury or death in order to prove the object is a deadly weapon if the State can prove the object was manifestly designed, made or adapted to cause serious bodily injury or death. Since the State may prove an object is a deadly weapon in two different manners under TEX.PENAL CODE ANN. § 1.07(a)(11), it cannot be required to allege the manner of use or intended use because it may be that the State does not intend to prove any use or intended use of the object. Thus, it is not necessary for the State to allege the manner of use or intended use of the object in order to have a valid indictment concerning a deadly weapon. In this case, the State proved the shank was a deadly weapon under TEX.PENAL CODE ANN. § 1.07(a)(11)(A), therefore, it did not need to prove the manner of use or intended use, nor did it have to allege the manner of use or intended use in the indictment. Appellant's third point of error is overruled.

Appellant's fourth point of error alleges the trial court was without jurisdiction to submit the enhancement allegations to the jury.

Before trial the State sought permission to amend the indictment. The trial court allowed the State to amend the indictment. In the amending document and order no mention was made of the enhancement alle-

gations contained in the original indictment. Appellant contends that since the amending document made no mention of the enhancement allegations, the trial court could not submit the enhancement allegations to the jury. In support of this argument appellant cites numerous civil cases which state the general rule that, in civil cases, amended pleading supersede original pleadings so that the original pleading is of no further force and effect. *See* TEX. R.CIV.P. 65. Appellant cites no caselaw which applies this rule to amendment of indictments in criminal proceedings.

The order permitting the State to amend the indictment refers to the State's motion to amend the indictment. In its motion, the State asked the court to amend only a portion of the indictment. Further, there is no rule in criminal procedure analogous to TEX.R.CIV.P. 65 regarding amendment of pleadings. Therefore, we hold that when the State amends a portion of an indictment, the amendment does not supersede the original indictment except as to the portion amended. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.