OPINION
 

 TERRIE LIVINGSTON, Justice.
 

 Appellant Robert Michael Streater appeals from the trial court’s denial of his
 
 *203
 
 pretrial writ of habeas corpus. In a single point on appeal, he contends that the trial court does not have jurisdiction to consider the State’s motion to revoke his deferred adjudication community supervision. We affirm.
 

 On August 28, 2000, appellant Robert Michael Streater pled guilty to theft, and the trial court placed him on deferred adjudication community supervision. The trial court extended appellant’s community supervision twice, once beginning August 27, 2002 and again on April 17, 2003.
 

 On March 26, 2004, the State filed a motion to adjudicate appellant’s guilt.
 
 [1]
 
 Appellant filed a pretrial writ of habeas corpus. In it, he alleged that the trial court did not have jurisdiction to adjudicate his guilt because the community supervision period ended August 27, 2003; thus, the State did not file its motion to adjudicate, and the trial court did not issue a capias for appellant, until after expiration of the community supervision period.
 
 See
 
 Tex.Code Crim. Prog. Ann. art. 42.12, § 21(e) (Vernon Supp.2004-05). The trial court denied relief.
 

 Appellant contends that he proved by a preponderance of the evidence that his community supervision period expired August 27, 2003. At the hearing on his application for relief, appellant introduced into evidence a certificate of proceedings signed by the trial court and dated April 17, 2003, which states that appellant’s community supervision is extended but omits a starting date for the extension. The trial court also took judicial notice of the contents of its file.
 
 [2]
 
 The State did not introduce any evidence.
 

 Appellant argued that the certificate of proceedings was not a valid order extending his community supervision. Then the following exchange occurred:
 

 THE COURT: Well, the document that you are relying on is not the Court’s order. The Court’s order is entitled Supplement/Amended [sic] to Conditions of Community Supervision. It was filed in the papers of this cause on April 17th of 2003. And that document reads that your client agreed and I agreed—
 

 [DEFENSE COUNSEL]: I am going to object, Rule 605.
 

 THE COURT: — to extend his—
 

 [DEFENSE COUNSEL]: Can I get a ruling on my objection.
 

 THE COURT: It’s overruled.
 

 [[Image here]]
 

 THE COURT:....
 

 His extension of community supervision period was extended one year with fees beginning 8-26-03. There is a definite beginning date. It was extended within the original period of probation. The extension is valid. This Court has jurisdiction.
 

 The record contains an order dated April 17, 2003, which extends appellant’s community supervision for “1 year ... beginning 8-26-03.” Appellant contends that this order was superseded by a subsequent order signed on April 25, 2003, which adds conditions to appellant’s community supervision but does not mention the extension. But both orders are called
 
 “Supplement
 
 /Amendment to Terms of Community Supervision.” [Emphasis added]. And another order dated September 2003 — after the date appellant contends his community supervision ended — does not mention the extension but purports to add additional conditions to appellant’s
 
 *204
 
 community supervision. Thus, the record shows that the subsequent documents were intended to supplement, not supersede, the April 17, 2003 order.
 
 See Poston v. State,
 
 822 S.W.2d 821, 822 (Tex.App.-Fort Worth 1992, pet. ref'd);
 
 Duhrkopf v. State,
 
 671 S.W.2d 147, 151 (Tex.App.-Fort Worth 1984, pet. ref'd) (op. on reh’g).
 
 [3]
 

 Appellant further contends that the trial court’s quoted statements constituted testimony and, thus, violated rule of evidence 605 and “far exceeded the scope of the Judge’s impartial role in simply making a ruling.” The trial court was entitled to take judicial notice of its own orders in the case.
 
 See Baumert v. State,
 
 709 S.W.2d 212, 213 (Tex.Crim.App.1986);
 
 Hokr v. State,
 
 545 S.W.2d 463, 465-66 (Tex.Crim.App.1977) (op. on reh’g);
 
 Bob Smith Bail Bonds v. State,
 
 963 S.W.2d 555, 556 (Tex.App.-Fort Worth 1998, no pet.).
 
 [4]
 
 Thus, the trial court’s statements were not improper.
 

 We hold that the trial court did not err in denying appellant habeas corpus relief. We overrule appellant’s sole point on appeal and affirm the trial court’s order.
 

 [1]
 

 . This was the State’s second motion to adjudicate.
 

 [2]
 

 . Appellant did not object.
 

 [3]
 

 . Appellant cites the general rule in civil cases that an amended pleading supersedes prior pleadings; however, there is no analogous rule in criminal law.
 
 See Thomas v. State,
 
 825 S.W.2d 758, 761 (Tex.App.-Houston [14th Dist.] 1992, no pet.);
 
 see also Poston, 822
 
 S.W.2d at 822 (rejecting argument that court should analogize to Tex.R. Civ. P. 65 in determining that trial court’s order amending conditions of probation supplemented rather than superseded original conditions).
 

 [4]
 

 . "[I]f a fact is judicially noticed, it need not be pleaded or proved.” 35 Tex. Jur.3d
 
 Evidence
 
 § 45 (2002).