COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-181-CR
 
 
 
EX 
PARTE
 
 
ROBERT 
MICHAEL STREATER
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Robert Michael Streater appeals from the trial court’s denial of his pretrial 
writ of habeas corpus.  In a single point on appeal, he contends that the 
trial court does not have jurisdiction to consider the State’s motion to 
revoke his deferred adjudication community supervision.  We affirm.
        On 
August 28, 2000, appellant Robert Michael Streater pled guilty to theft, and the 
trial court placed him on deferred adjudication community supervision.  The 
trial court extended appellant’s community supervision twice, once beginning 
August 27, 2002 and again on April 17, 2003.
        On 
March 26, 2004, the State filed a motion to adjudicate appellant’s guilt.[1]  Appellant filed a pretrial writ of habeas 
corpus.  In it, he alleged that the trial court did not have jurisdiction 
to adjudicate his guilt because the community supervision period ended August 
27, 2003; thus, the State did not file its motion to adjudicate, and the trial 
court did not issue a capias for appellant, until after expiration of the 
community supervision period.  See Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 21(e) (Vernon Supp. 2004-05).  The trial court denied relief.
        Appellant 
contends that he proved by a preponderance of the evidence that his community 
supervision period expired August 27, 2003.  At the hearing on his 
application for relief, appellant introduced into evidence a certificate of 
proceedings signed by the trial court and dated April 17, 2003, which states 
that appellant’s community supervision is extended but omits a starting date 
for the extension.  The trial court also took judicial notice of the 
contents of its file.[2]  The State did not 
introduce any evidence.
        Appellant 
argued that the certificate of proceedings was not a valid order extending his 
community supervision.  Then the following exchange occurred:
  
THE COURT:  Well, the document that you are relying on is not the Court’s 
order.  The Court’s order is entitled Supplement/Amended [sic] to 
Conditions of Community Supervision.  It was filed in the papers of this 
cause on April 17th of 2003.  And that document reads that your client 
agreed and I agreed—
 
[DEFENSE 
COUNSEL]:  I am going to object, Rule 605.
 
THE 
COURT: —to extend his—
 
[DEFENSE 
COUNSEL]:  Can I get a ruling on my objection.
 
THE 
COURT:  It’s overruled.
 
. 
. . .
 
THE 
COURT: . . . .His extension of community supervision period was extended one 
year with fees beginning 8-26-03.  There is a definite beginning 
date.  It was extended within the original period of probation.  The 
extension is valid.  This Court has jurisdiction.
 
        The 
record contains an order dated April 17, 2003, which extends appellant’s 
community supervision for “1 year . . . beginning 8-26-03.”  Appellant 
contends that this order was superseded by a subsequent order signed on April 
25, 2003, which adds conditions to appellant’s community supervision but does 
not mention the extension.  But both orders are called “Supplement/Amendment 
to Terms of Community Supervision.” [Emphasis added].  And another order 
dated September 2003—after the date appellant contends his community 
supervision ended—does not mention the extension but purports to add 
additional conditions to appellant’s community supervision.  Thus, the 
record shows that the subsequent documents were intended to supplement, not 
supersede, the April 17, 2003 order.  See Poston v. State, 822 
S.W.2d 821, 822 (Tex. App.—Fort Worth 1992, pet. ref’d); Duhrkopf v. 
State, 671 S.W.2d 147, 151 (Tex. App.—Fort Worth 1984, pet. ref’d) (op. 
on reh’g).[3]
        Appellant 
further contends that the trial court’s quoted statements constituted 
testimony and, thus, violated rule of evidence 605 and “far exceeded the scope 
of the Judge’s impartial role in simply making a ruling.”  The trial 
court was entitled to take judicial notice of its own orders in the case.  See 
Baumert v. State, 709 S.W.2d 212, 213 (Tex. Crim. App. 1986); Hokr v. 
State, 545 S.W.2d 463, 465-66 (Tex. Crim. App. 1977) (op. on reh’g); Bob 
Smith Bail Bonds v. State, 963 S.W.2d 555, 556 (Tex. App.—Fort Worth 1998, 
no pet.).[4]  Thus, the trial court’s 
statements were not improper.
        We 
hold that the trial court did not err in denying appellant habeas corpus 
relief.  We overrule appellant’s sole point on appeal and affirm the 
trial court’s order.
  
  
                                                          TERRIE 
LIVINGSTON
                                                          JUSTICE
   
  
PANEL 
B:   LIVINGSTON, GARDNER, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: 
December 16, 2004


NOTES
1.  
This was the State’s second motion to adjudicate.
2.  
Appellant did not object.
3.  
Appellant cites the general rule in civil cases that an amended pleading 
supersedes prior pleadings; however, there is no analogous rule in criminal 
law.  See Thomas v. State, 825 S.W.2d 758, 761 (Tex. App.—Houston 
[14th Dist.] 1992, no pet.); see also Poston, 822 S.W.2d at 822 
(rejecting argument that court should analogize to Tex. R. Civ. P. 65 in determining that 
trial court’s order amending conditions of probation supplemented rather than 
superseded original conditions).
4.  
“[I]f a fact is judicially noticed, it need not be pleaded or proved.”  
35 Tex. Jur. 3d Evidence § 
45 (2002).