

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-14-00091-CR
07-14-00092-CR

SHAMMANN SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court Nos. A17432-0711 & A17444-0711, Honorable Robert W. Kinkaid, Jr., Presiding

October 22, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Shammann Smith, appellant, appeals her convictions for theft over $1,500 and for tampering with a governmental record. Through three issues, she contends that 1) the evidence was insufficient to support the orders deferring her guilt and therefore the orders adjudicating guilt were void, 2) her guilty pleas were involuntary and 3) counsel was ineffective. We affirm.

*Background*

Appellant was indicted for theft and for tampering with a governmental record. She pled guilty to both offenses and was placed on deferred adjudication community supervision pursuant to a plea agreement. Subsequently, the State filed a motion requesting that appellant be adjudicated guilty of both offenses. A hearing was held on the motion, which hearing resulted in her being adjudicated guilty and sentenced to sixteen months in a state jail facility. She now appeals her convictions.

*Sufficiency of the Evidence[1]*

Appellant attempts to attack the judgment adjudicating her guilt and convicting her of theft. As the argument goes, because there was insufficient evidence to prove her guilt despite her guilty plea, her conviction for the offense is void.[2]

Again, this is an appeal from a judgment revoking appellant's community supervision, adjudicating her guilt, and convicting her. As such our jurisdiction to entertain complaint that could have been urged via appeal from the order deferring guilt and placing the accused on community supervision is quite limited. *See Jones v. State*, 42 S.W.3d 143, 148 (Tex. App.—Amarillo 2000, no pet.) (stating that "a defendant who pleads guilty and is placed on deferred adjudication may raise issues relating to the original plea proceeding only in an appeal taken when the trial court first orders deferred adjudication and imposes community supervision . . . [w]hether the original guilty plea was knowing and voluntary is an issue which must be raised by appeal taken when

---

[1] Appellant does not argue that her conviction for tampering with governmental records lacks evidentiary support.

[2] No trial court is authorized to render a conviction in a felony case, consistent with article 1.15 of the Texas Code of Criminal Procedure, based upon a plea of guilty "without sufficient evidence to support the same." *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). Furthermore, a void judgment can be attacked at any time. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001).

deferred adjudication is first imposed"). Furthermore, complaints rendering the judgment void may be raised at any time, even after the revocation of community supervision. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). A complaint that "no evidence," as opposed to insufficient evidence, supports a finding of guilt is such a complaint. *Id.* Yet, as explained in *Nix*, "[for]the judgment to be void, the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence[,] [a]nd a guilty plea constitutes some evidence for this purpose." *Id.* at 668 n.14. Here, appellant entered a guilty plea to the charges in the indictment. Thus, our situation likens the latter example in *Nix*, that is, the occasion where the defendant's guilty plea constitutes some evidence of guilt. Thus, the judgment is not void, and we cannot entertain the issue.

Appellant would disagree with our conclusion because the original indictment was amended. The amendment changed the identity of the person owning the property she was accused of taking. It also altered the sum taken from being one lump sum between $1,500 to $20,000 to an aggregation of sums totaling from $1,500 to $20,000. To that she adds her stipulation executed in conjunction with the plea hearing. Therein, she admits to the truthfulness of the indictment's contents as reiterated in the stipulation. But, the reiteration consisted of the un-amended allegations found in the original indictment, not the amended ones. So, in her view, there is only evidence of record indicating that she committed the crime alleged in the un-amended instrument and not the crime mentioned in the amended instrument. This argument may have given us pause if the amended instrument actually created two indictments, that is, an original and an amended instrument. But, an amendment does not have that effect. It

3

simply substitutes the language of the initial document with that of the amendment. *Thomas v. State*, 825 S.W.2d 758, 761 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (distinguishing the effect of an amendment to the operative pleading in the criminal realm from that in the civil realm); *accord Ex parte Streater*, 154 S.W.3d 216, 218 (Tex. App.—Fort Worth 2004, pet ref'd) (suggesting that the amendment does not replace but rather supplements the instrument). So, there is no "indictment" and an "amended indictment" *per se* but only an indictment. In other words, by admitting under oath and in open court that the allegations of the indictment were true and correct, she provided sufficient evidence to support her conviction, irrespective of what was said in her written stipulation of evidence.

*Voluntariness of Plea and Effective Assistance of Counsel*

Appellant's final two issues concern the voluntariness of her plea and the effectiveness of her counsel. Both relate to the guilty plea that led to the trial court deferring her adjudication of guilt and placing her on community supervision. Because both complaints were susceptible to appeal from the order deferring her adjudication of guilt, we have jurisdiction over neither at this point. *See Jones v. State*, *supra*.[3]

We affirm the judgments of the trial court.

Brian Quinn
Chief Justice

Do not publish.

---

[3] Appellant's citation to *Hernandez v. State*, No. 02-01-432-CR, 2003 Tex. App. LEXIS 5469 (Tex. App.—Fort Worth June 26, 2003, no pet.) is of no consequence. It did not address a situation wherein the appellant opted to forego appeal until her community supervision was revoked. It dealt with matters that could be asserted on appeal from a judgment entered upon a guilty plea.

4