

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00382-CR

_____

VERDELL LAMAR BREWER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1507814D

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Verdell Lamar Brewer was charged with continuous violence against the family. After Brewer pled guilty to the charge, the trial court deferred adjudicating Brewer guilty and placed him on community supervision for four years. The trial court later revoked Brewer's probation and adjudicated him guilty. On appeal, Brewer claims that the evidence supporting the trial court's finding that he had violated his community-supervision conditions was insufficient, and thus the trial court abused its discretion by revoking his probation and adjudicating his guilt. We will affirm.

## I. BACKGROUND FACTS

On October 18, 2017, Brewer was charged with continuous violence against the family. He was also served with a repeat-offender notice alleging that he had previously been convicted of the felony offense of aggravated robbery on February 21, 2007. On December 11, 2017, Brewer pleaded guilty to the indictment and confessed that the habitual offender statement was true and correct. The trial court accepted Brewer's guilty plea, deferred adjudication of guilt, and placed Brewer on community supervision for four years. At that time, the court set community-supervision conditions, including requiring that Brewer comply with the law, report to the Community Supervision and Corrections Department of Tarrant County, remain in Tarrant County, permit home visits by the Supervision Officer, find employment, and complete the Batterer's Intervention and Prevention Program. In addition, the

court ordered Brewer to complete 160 hours of community-service restitution at a rate of at least ten hours per month. Brewer agreed to these terms and conditions.

On January 7, 2019, the State filed a Petition to Proceed to Adjudication, alleging that Brewer had violated the terms and conditions of community supervision by:

1. failing to report during the months of November and December 2018;

2. failing to successfully complete the Batterer's Intervention and Prevention Program;

3. using or possessing controlled substances on four dates in October and November 2018;

4. leaving Tarrant County on or about November 23, 2018, without authorization from the court or the supervision officer;

5. submitting diluted urine samples on or about April 27 and September 20, 2018;

6. failing to provide a urine sample on or about October 17, 2018, as instructed by the supervision officer; and

7. failing to complete ten hours of community service per month for the months of April through December 2018.

Based on those violations, the State requested a hearing to determine whether the court would proceed with an adjudication on the original charge. But before the trial court heard the petition, the State filed a First Amended Petition to Proceed to Adjudication, which repeated its original allegations and added to the first allegation that Brewer had also failed to report during the months of January and February 2019.

On April 25, 2019, with assistance of counsel, Brewer waived a hearing on the allegations in the State's amended petition and pleaded true to each and every allegation. But the court did not revoke Brewer's community supervision. Instead, the court reinstated Brewer's probation and added an additional condition that required Brewer to enter a Substance Abuse Felony Punishment Facility (SAFPF) and remain there until discharged by the court.

On July 25, 2019, the State filed a Second Petition to Proceed to Adjudication, alleging an additional violation of the terms and conditions of Brewer's supervision—that Brewer had failed to successfully complete the SAFPF program and had been discharged from the program on or about July 15, 2019.

On October 11, 2019, the court proceeded to adjudication of guilt. The court found that Brewer had "violated the conditions of his community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt, as follows: PARAGRAPH ONE." [Emphasis in original.] On that basis, the court granted the State's motion, revoked Brewer's probation, and adjudicated him guilty of continuous violence against the family. The court sentenced Brewer to five years in prison.

In one issue, Brewer claims that the State's allegation of his violation of the condition of community supervision did not correspond to the conditions ordered by the trial court. Specifically, he points to the State's July 25, 2019 petition, which alleged that Brewer had failed to successfully complete the SAFPF program and had been discharged from the program. Brewer argues that completion of the program

4

was not a requirement mandated by the trial court's April 25, 2019 amended order of conditions. Accordingly, Brewer claims that the trial court's finding—that he violated the terms of his probation—was not supported by legally sufficient evidence, and thus the trial court abused its discretion in adjudicating him guilty upon this finding. We disagree.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one term or condition of his community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The trial court's finding of a single violation of a condition of community supervision is sufficient to support revocation. *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). Similarly, a defendant's plea of "true" to even one allegation in the State's motion to revoke is sufficient to support the trial court's decision to adjudicate a defendant's guilt. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Ramos v. State*, No. 02-08-00363-CR, 2009 WL 1035120, at *1 (Tex. App.—Fort Worth Apr. 16, 2009, pet. struck) (mem. op., not designated for publication).

Once sufficient evidence is presented of a violation of a community-supervision condition, the trial court has broad discretion in choosing whether to continue, modify, or revoke the community supervision. Tex. Code Crim. Proc. Ann. arts. 42A.751(d), 42A.752(a), 42A.755(a); *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex.

5

Crim. App. [Panel Op.] 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). When there is sufficient evidence to support a finding that the defendant violated a condition of his community supervision, the trial court does not abuse its discretion by revoking the supervision. *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Wade v. State*, 83 S.W.3d 835, 839–40 (Tex. App.—Texarkana 2002, no pet.).

The trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, so we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona,* 665 S.W.2d at 493. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

## III. DISCUSSION

On appeal, Brewer fails to mention that he pled true to the State's allegations that he had violated all seven of the conditions and terms of his community supervision contained in the trial court's original conditions order. Nor does Brewer mention that the trial court's April 25, 2019 order simply added a condition to the trial court's prior order.[1] We interpret Brewer's omission as an implication that the April 25, 2019 order superseded the trial court's original December 11, 2017 order.

---

[1]The April 25, 2019 order was aptly titled, "Supplement/Amendment to Conditions of Community Supervision."

Any suggestion that the second order superseded the trial court's original order is incorrect.

Amended orders of conditions of community supervision do not supersede original orders unless their terms explicitly override the terms in the original order. *Ex parte Streater*, 154 S.W.3d 216, 217 (Tex. App.—Fort Worth 2004, pet. ref'd); *Poston v. State*, 822 S.W.2d 821, 822 (Tex. App.—Fort Worth 1992, pet. ref'd). Thus, a defendant's probation may be revoked for a violation of any term or condition of probation, whether imposed by an original probation order or an amended order. *Duhrkopf v. State*, 671 S.W.2d 147, 151 (Tex. App.—Fort Worth 1984, pet. ref'd) (op. on reh'g).

Here, the second order did not explicitly override the original order. In fact, the second order declared the opposite. It stated: "You are ordered to participate in and successfully complete the program(s) and/or condition(s) indicated below, pay all fees required, and *continue to participate and/or comply with the rules and procedures established by CSCD and/or service providers, until released by the Court.*" [Emphasis added.] Thus, the second order was intended to supplement, not supersede, the prior conditions order.

Here, the trial court's judgment adjudicating Brewer's guilt recites that "[w]hile on deferred adjudication community supervision, [Brewer] violated the conditions of community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt, as follows: PARAGRAPH ONE." [Emphasis in original.] The trial court's revocation of Brewer's probation was thus based on the court's earlier finding that

Brewer had violated an original condition of his community supervision. Accordingly, the evidence was sufficient to support the trial court's finding that Brewer violated the terms of his probation, and the trial court did not abuse its discretion in adjudicating him guilty upon this finding.

## IV. CONCLUSION

Since Brewer pleaded true to the State's allegations that he violated paragraphs one through seven of the terms and conditions set forth in the State's original petition to adjudicate, the evidence was sufficient to support the trial court's finding that Brewer violated his community-supervision probation, and the trial court did not abuse its discretion by revoking Brewer's probation. We overrule Brewer's issue on appeal and affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 11, 2021