

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-20-00270-CR

ROY NATHANIEL PEREZ, JR., APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 287th District Court
Bailey County, Texas,
Trial Court No. 2565A, Honorable Gordon H. Green, Presiding

May 26, 2022

DISSENTING OPINION

Before PIRTLE and PARKER and DOSS, JJ.

In all candor, the majority opinion probably reaches the correct result in this matter. I dissent and write separately because I believe that there is a previously unbriefed issue of jurisdictional significance that could render the judgment in this matter void. Accordingly, I would abate and remand for further briefing. Because the unbriefed issue reaches matters of fundamental due process which would not require a prior objection to preserve error, I dissent and write separately to encourage the Court of Criminal Appeals to resolve this question.

### UNBRIEFED ISSUE

The question not raised by counsel that I believe needs to be briefed is this: when the maximum period of community supervision for any offense is ten years, does a trial court err if it revokes a defendant's community supervision eleven years and two months after it places the defendant on community supervision when the active motion to revoke being prosecuted was not filed until *after* the defendant's period of probation had ended?

### BACKGROUND

On June 3, 2009, Appellant, Roy Nathaniel Perez, Jr., pleaded guilty to the offense of aggravated assault causing serious bodily injury, and pursuant to a plea bargain, he was placed on deferred adjudication community supervision for five years. On December 10, 2010, the State filed its *Motion to Adjudicate Guilt and Revoke Community Supervision.* By agreement, the terms of his community supervision were continued but modified to include terms and conditions relating to a Court Residential Treatment Program. The State again filed a motion to adjudicate guilt on November 8, 2013. Although not represented by counsel, Appellant's community supervision was extended one year to June 3, 2015. A third motion to adjudicate was filed on September 10, 2014. The motion resulted in Appellant's community supervision being extended until June 3, 2019 (a full ten years after originally being placed on community supervision).

The initial motion to adjudicate that forms the subject of this appeal was filed on April 18, 2019 (while Appellant's supervision was still active). The record does not reflect when a warrant or capias was issued or when Appellant was arrested on this motion; however, it does reflect that, on December 20, 2019, (after Appellant's term of supervision had ended) the matter was scheduled for a status conference on January 15, 2020. On

2

January 27, 2020, a second status conference order was entered, ordering Appellant to appear on February 12, 2020.  On February 19, 2020, a third status conference order was entered, ordering Appellant to appear on March 4, 2020.  The record is silent as to what happened at the March status conference, but on July 2, 2020 (one year and two months after the filing of the initial motion to adjudicate), the State filed its *First Amended Motion to Adjudicate Guilt and Revoke Community Supervision.*  The record does not reflect how or when Appellant was served with the amended motion.  Following the filing of the amended pleading, a hearing was held on August 26, 2020.  In his pronouncements at the beginning of that proceeding, the trial judge specifically refers to proceeding "on the *State's First Amended Motion to Adjudicate Guilt and Revoke Community Supervision* filed July 2, 2020."  Based on the evidence presented, the trial judge revoked Appellant's community supervision, adjudicated him guilty as charged, and assessed his sentence at ten years confinement.  The *Judgment Adjudicating Guilt,* signed August 28, 2020, expressly provides that "[w]hile on community supervision, [Appellant] violated the conditions of community supervision, as set out in the State's **AMENDED** Motion to Adjudicate Guilt . . . ." (Emphasis in original).  For his ten *plus* years of community supervision, including a stint at a residential treatment center and ten days in county jail as a condition of supervision, Appellant was given a total jail time credit of ten days.

### APPLICABLE LAW

In civil cases, the general rule is that an amended pleading supersedes the original pleading so that the original pleading is rendered of no further force or effect.  *See* TEX. R. CIV. P. 65.  However, there is no rule in criminal procedure analogous to Rule 65 regarding pleadings in the context of a criminal proceeding.  Therefore, it has been held

3

that when the State amends only a portion of an indictment, the amendment does not supersede the original indictment, except as to the portion amended. *Thomas v. State,* 825 S.W.2d 758, 761 (Tex. App.—Houston [14th Dist.] 1992, no pet.). However, in the context of a quasi-criminal proceeding, it was held that the civil rule that amended pleadings could relate back to the date of the original pleading did <u>not</u> apply to an amended motion to modify a juvenile disposition where that amended pleading was filed after the expiration of the probationary period. *In re J.A.D.,* 31 S.W.3d 668 (Tex. App.—Waco 2000, no pet.).

It has been said that "the right of the court to revoke [community supervision] is limited to those violations of probation alleged in the revocation motion *filed prior to the expiration of the probationary period.*" *Guillot v. State*, 543 S.W.2d 650, 653 (Tex. Crim. App. 1976) (Emphasis added). An *amended* motion to revoke filed after the expiration of the probationary period does not confer jurisdiction on the court and is a nullity. *See id.*

Strong independent support for the argument that the trial judge in this case relied on the amended motion to revoke (as opposed to the original motion to revoke) is found in two separate places in the record. First, in the reporter's record of the revocation proceeding itself, the reporter recorded the judge's pronouncement of opening the proceeding by saying, "[w]e're here on the State's First Amended Motion to Adjudicate Guilt and Revoke Community Supervision filed July 2, 2020." And, then again, in the *Judgment Adjudicating Guilt*, wherein the judgment itself recites, "[Appellant] violated the conditions of community supervision, as set out in the State's **AMENDED** Motion to Adjudicate Guilt, as follows: . . . ." (Emphasis in original).

4

### CONCLUSION

Appearing to the court that Appellant's community supervision was revoked based on a pleading filed after the expiration of his community supervision, this appeal should be abated and the cause remanded to the court below for additional briefing on the issue raised by this dissenting opinion. Subject thereto, the cause should be reinstated and disposed in accordance with the issues properly before the court.

Patrick A. Pirtle
Justice

Do not publish.